# Sheldon Reynolds's Estate.    Appeal of Annie B. D. Reynolds.

*Will—Estate for life—Intestacy as to remainder—Trusts and trustees—Guardian.*

Where a will gives all testator's estate to his wife "for and during her natural life" and makes no disposition of the remainder, she takes only a life estate therein.

Testator died leaving surviving a widow and a minor son.    By his will he directed as follows: "All my estate, real, personal and mixed, wheresoever situated, I gave and bequeath to my beloved wife Annie B. D. Reynolds, for and during her natural life:" and, without making any other disposition of the same, he appointed his wife and Andrew H. McClintock executors of his will "without bonds." *Held*, (1) that the widow took a life estate in testator's real estate; (2) that the proceeds of testator's real estate should be awarded to a trustee to pay the income thereof to the widow for life, and the principal of the estate to such person or persons as at the widow's death would be entitled thereto; (3) that the fund could not be awarded to the guardian of the minor, subject to the widow's right to the income thereof.

Argued April 15, 1896. Appeal, No. 287, Jan. T., 1896, by .
Annie B. D. Reynolds, from decree of O. C. Luzerne Co., No. 62,
of 1895, distributing fund raised by sale of testator's real estate.
Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and
MITCHELL, JJ. Decree modified.

Rule to show cause why the fund arising from the sale of
real estate of Sheldon Reynolds, deceased, and now in court,
should not be paid to Annie B. D. Reynolds, his widow.

Testator's will was as follows :

"I, Sheldon Reynolds, of the city of Wilkes-Barre, Pennsyl-
vania, do make and publish this my last will and testament.

"All my estate real, personal and mixed wherever situated,
I give and bequeath unto my beloved wife, Annie B. D. Rey-
nolds, for and during her natural life.

"And I appoint my wife Annie B. D. Reynolds and Andrew
H. McClintock my executors, without bonds, of this my last
will."

The orphans' court in an opinion by DARTE, P. J., held that
the widow took a life estate in decedent's real estate, and awarded
the fund to Benjamin Reynolds, guardian of testator's minor
son, Dorrance Reynolds, "subject to the said widow's right to
the income thereof."

*Error assigned* was above decree.

*Andrew H. McClintock, Arthur Hillman* with him, for appel-
lant.—The widow took an estate in fee : Shinn v. Holmes, 25
Pa. 142; Schriver v. Meyer, 19 Pa. 87 ; Geyer v. Wentzel, 68
Pa. 86 ; Grove's Est., 58 Pa. 429 ; Williams v. Leech, 28 Pa.
89 ; Snyder v. Baer, 144 Pa. 280 ; Kiefel v. Keppler, 173 Pa.
181 ; Rewalt v. Ulrich, 23 Pa. 388; Merkel's App., 109 Pa.
235 ; Willard's App., 68 Pa. 327.

*Henry A. Fuller*, for appellee.—At common law, prior to act
of 1833, it is certain and conceded this would have been a life
estate and nothing more, notwithstanding (*a*) the general pre-
sumption against intestacy, (*b*) the comprehensive description
"all my estate," (*c*). the contrary rule applicable to gifts of per-
sonalty : Kiefel v. Keppler, 173 Pa. 181.

It is equally certain that the act of 1833 cannot enlarge this estate to a fee, because it plainly appears "by words of limitation, in the will, that the testator intended to devise a less estate," namely, the words "for and during her natural life:" Rap. & Lawrence Law Dictionary.

In Schriver v. Meyer, 19 Pa. 87; Wood v. Hills, 19 Pa. 135, and Shinn v. Holmes, 25 Pa. 142, there were no words of limitation whatever.

In Grove's Estate, 58 Pa. 429, there was absolute power of sale.

In Geyer v. Wentzel, 68 Pa. 84, the testator dying without issue, willed all his property to his wife expressly excluding all other relatives, and the court held that the words "so long as she lives" could not restrict subsequent words sufficient to pass a fee.

In Williams v. Leech, 28 Pa. 89, there was first an absolute devise which was subsequently restricted by contingent remainders in favor of the first taker's children, and the question of fee or life estate under the will was immaterial.

In Second Reformed Church v. Disbrow, 52 Pa. 219, there was absolute power of disposition, followed by precatory words which strengthened rather than weakened the conclusion of testator's intent to vest the whole estate in his wife.

In Boyle v. Boyle, 152 Pa. 108, the language of the will plainly imported unlimited power of disposition, which could not be controlled by subsequent precatory words.

In McIntyre v. McIntyre, 123 Pa. 329, there was an absolute devise, accompanied by a void restraint upon alienation and precatory words.

In Coles v. Ayres, 156 Pa. 197, there was an absolute devise, and the condition subsequent failed to show clearly that the testator intended to give less than a fee.

In Snyder v. Baer, 144 Pa. 280, it was held that after giving a fee it cannot be cut down to a life estate by the unnecessary provision that the devisee should have the control of it during her life.

In Kiefel v. Keppler, 173 Pa. 181, the limitation of the words "while he lives" is followed by an unlimited power of sale, with no restriction on the appropriation of the proceeds.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 27, 1896 :

On February 8, 1895, appellant's husband, Sheldon Reynolds, died testate, leaving to survive him his said wife and a minor son, then about seventeen years of age, whose guardian is Benjamin Reynolds.   In his last will, probated a few days after his decease, the testator made the following disposition of his estate : " All my estate, real, personal and mixed, wheresoever situated, I give and bequeath to my beloved wife Annie B. D. Reynolds, for and during her natural life : " and, without making any other disposition of the same, he appointed his wife and Andrew H. McClintock executors of his will " without bonds."

The fund in court for distribution, $1,562.50, is the proceeds of a private orphans' court sale of part of testator's real estate, and is of course distributable as realty.

For the purpose of determining whether, under her husband's will, appellant took a fee in his real estate or not, the guardian of the minor and all parties interested were brought into court and heard.   Upon due consideration of the premises, the learned court held, in substance, that appellant took only a life estate in the realty of which her husband died seized, and accordingly entered a decree to that effect, and also awarded the fund in question to the guardian, " subject to the widow's right to the income thereof."   This appeal was taken and each branch of the decree is assigned as error.

As to the first, we are of opinion that the court was clearly right in construing the will.   So far as testator's real estate is concerned, the devise thereof to appellant is manifestly limited to a life estate by the concluding words, " for and during her natural life."   Without practically ignoring the plain and universally accepted meaning of these words, it is impossible to otherwise construe the devising clause above quoted; and, as to that branch of the decree, the court should be sustained. But, as to so much of the decree as awards the fund to the guardian, we think the court erred, and that branch of the decree must be vacated.   The fund in question, less costs, and expenses if any, should be awarded to a trustee, to be appointed by the orphans' court to receive and securely invest the same, collect the interest accruing therefrom and pay the same to the appellant semiannually during the term of her natural life, and, at her decease, to pay the corpus of the fund to such person or persons as may then be found entitled thereto.

There appears to be nothing in the case, as presented, that requires discussion. With the single exception of awarding the fund to the guardian instead of to a specially appointed trustee, we find no error in the record.

The decree—except so much thereof as awards the fund in court to the guardian of the minor son, and is hereby vacated—is therefore affirmed, and the record is remitted to the court below with instructions to award the fund to a trustee to be appointed to receive and invest the same, etc., in the manner and for the purpose above specified, etc; and it is further ordered that the appeal be dismissed, and that the costs—including the costs of this appeal—be paid out of the fund.