Estate of Louisa Nevins, deceased. Appeal of the Fidelity Insurance, Trust and Safe Deposit Company.

*Wills—Devise—Life estate—Trusts and trustees.*

Where testatrix gives to a trustee a house and certain railroad bonds "to hold the same in trust for the benefit" of her sister, and states that it is her "wish and desire she shall live in said house free of rent," and requests the trustee to pay the interest on the bonds to the sister "as long as she lives, after paying taxes and insurance on said house," and makes no gift over of the house, but directs that after the death of the sister the trustee shall pay certain legacies, the sister takes only a life estate, and not a fee in the house.

Argued March 21, 1899. Appeal, No. 418, Jan. T., 1898, by the Fidelity Insurance, Trust and Safe Deposit Co., from decree of O. C. Phila. Co., April T., 1898, No. 264, sustaining

exceptions to adjudication.    Before STERRETT, C. J., McCOL-
LUM, MITCHELL, DEAN and FELL, JJ.    Reversed.


Exceptions to adjudication.

From the record it appeared that Elizabeth Lathrop, a widow,
died a resident of Philadelphia on October 2, 1892.    She was
the owner of No. 122 South Eighteenth street, and thus dis-
posed of it by her will, dated January 3, 1889, as follows:

"I give to the Fidelity Insurance and Safe Deposit Company
of this city my house 122 S. 18th St. and eight 8 Thousand
dollars, Philadelphia & Reading Railroad, Consolidated mort-
gage seven per cent. bonds due in 1911, to hold the same in
trust for the benefit of my only surviving Sister, Louisa Nev-
ins.    It is my wish & desire she shall live in said House free of
rent.    I also request my said trustees to pay to her the her, (sic),
the interest on said Phila. & Reading Consolidated Bonds as
long as she lives, after paying taxes & insurance on said house.
At her death I make the following bequests which I request my
said trustees to pay free & clear of the collateral inheritance
tax or other taxes which I desire to be paid out of my residu-
ary estate."    [Here follow numerous pecuniary legacies, but no
disposition of the residue or remainder, and the will concludes]:

"If the money I leave is not sufficient to pay funeral & other
expenses, then I direct my said trustees to sell one thousand
dollars of the above described Phila. & Reading bonds."

Letters of administration cum testamento annexo were granted
to the Fidelity Insurance, Trust and Safe Deposit Company
on October 8, 1892.

Mrs. Lathrop wrote this will in her own hand.    After Mrs.
Lathrop's death Mrs. Nevins took possession of the house, and
lived there until she died, on May 16, 1897, the trustee under
Mrs. Lathrop's will in the mean time collecting the interest and
paying the taxes and insurance, paying over the net income to
Mrs. Nevins.

Mrs. Nevins left a will dated September 7, 1893, appointing
the Fidelity Insurance, Trust and Safe Deposit Company execu-
tors, with power of sale, etc., to whom letters testamentary were
issued.    She made sundry specific and pecuniary bequests, and
gave and devised her residuary estate, two thirds to her son,
Richard Nevins, and one third to her grandson, Charles M.
Campbell (the appellee in this case).

The heirs at law of Mrs. Elizabeth Lathrop at the time of her death numbered four stirpes, viz : Louisa Nevins (sister), children of Margaretta Bacon (a deceased sister), children of Emily Hopkins (a deceased sister), and children of Charles Macalester, 2d (a deceased brother).

The Fidelity Insurance, Trust and Safe Deposit Company being constituted by these heirs their attorney in fact to make sale of these premises, made title to the purchaser at a public sale by virtue of its authority, and also as executor of Mrs. Nevins. The net proceeds of the sale amounted to $19,167.17, and the executor of Mrs. Nevins, in filing its account, charged itself with $4,791.79, being one fourth thereof, upon the theory that Mrs. Lathrop had died intestate as to the fee of the property which descended to her heirs at law, subject to the occupancy of the premises by Mrs. Nevins during her life. At the audit of the executor's account Charles M. Campbell claimed that the entire fee passed by Mrs. Lathrop's will to Mrs. Nevins, and that consequently her executor should have charged itself in its account with the entire proceeds. The auditing judge, HANNA, P. J., overruled the motion to surcharge the accountant, but exceptions to his adjudication were sustained by the orphans' court in banc (ASHMAN, J., being absent) by Judges PENROSE and FERGUSON, the latter delivering the opinion of the court, and HANNA, P. J., dissenting. A decree was thereupon entered surcharging the accountants with the sum of $14,375.38.

*Error assigned* was the decree of the court.

*John Marshall Gest*, for appellant.—The legal estate undoubtedly was in the trustee, and there were active duties to perform: Barnett's App., 46 Pa. 392; Ogden's App., 70 Pa. 501; Gregory v. Henderson, 4 Taunt. 772; Shapland v. Smith, 1 Bro. C. C. 75.

Testatrix took pains to vest the title in a trustee, not in her sister, and knowing that the latter would not be the owner, or have the title, she directed that she should live there "free of rent."

If after an examination of a will the intent seems to be to give a fee or to pass the "whole estate of the testator," then the

assistance of the act may properly be invoked to carry out that intent, but the act is not an instrument to discover the intent in the beginning: Urich v. Merkel, 81 Pa. 332.

*Joseph F. Lamorelle* and *Hampton L. Carson*, with them *J. Levering Jones*, for appellee.—Louisa Nevins took an absolute estate in fee simple, under the first clause of the will: Act of April 8, 1833, P. L. 249; Coles v. Ayres, 156 Pa. 200; Bowlby v. Thunder, 105 Pa. 179; Snyder v. Baer, 144 Pa. 278; Martin's Est., 30 W. N. C. 461; Keller's Est., 11 Lancaster Law Review, 185; Schuldt v. Herbine, 39 W. N. C. 290; Geyer v. Wentzel, 68 Pa. 84; Smith's App., 23 Pa. 9; Weber's App., 17 Pa. 479; Kiefel v. Keppler, 173 Pa. 181; Boards of Missions' App., 91 Pa. 513; Roland v. Miller, 100 Pa. 47; Miller's App., 113 Pa. 459.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1899:

The title of Mrs. Nevins to the house in question depends on the construction of the following clause of the will of Mrs. Lathrop: "I give to the Fidelity Insurance and Safe Deposit Company my house 122 S. 18th street and Eight Thousand dollars, Philadelphia & Reading Railroad Bonds, to hold the same in trust for the benefit of my only surviving sister, Louisa Nevins. It is my wish and desire she shall live in said house free of rent. I also request my said Trustees to pay to her the interest on said Philadelphia & Reading Consolidated Bonds as long as she lives, after paying Taxes and Insurance on said house. At her death I make the following bequests which I request my said Trustee to pay free and clear of the collateral inheritance tax or other taxes which I desire to be paid out of my residuary estate."

The first notable observation on this clause is that there is no direct gift at all to the devisee, but only a devise in trust for her. While not in itself conclusive this suggests at once an intent not to give the fee, else why interpose a trust? The most ignorant property owner knows the difference between owning a house himself and having the use of it under a trust, and if this testatrix meant to give the full ownership in fee there is no purpose disclosed in her will which would have prevented the easiest and most natural way of doing it by direct gift.

Next there is expressed a "wish and desire she shall live in
the house free of rent." These are not precatory words ad-
dressed to her sister as to the use she shall make of a house
given to her, but words addressed to the trustee, and, therefore,
though expressed as wish and desire they are a mandatory di-
rection that her sister shall not be chargeable with rent. The
testatrix though not learned in the law and apparently inops
consilii, yet was a householder and must be presumed to have
had the common knowledge that the owner does not pay rent,
while ordinarily every other occupant does. She appears to
have known also that in devising the house in trust she made
the trustee the legal owner, and thus apparently clothed him
with authority to exact rent, even though he should be account-
able for it afterwards as part of the gross income, the net pro-
ceeds of which were ultimately payable to the occupant. From
the possibility of this trouble and charge the testatrix appears
to have intended that her sister should be free, while at the same
time the latter's title and estate in the property should be lim-
ited by the trust.

Again, in creating the trust, the whole estate is thrown to-
gether with no distinction between this house and the personal
property. And the latter is manifestly not given absolutely,
for the trustee is to pay the interest to Mrs. Nevins "as long
as she lives," and to use the principal "at her death" in paying
certain specified bequests, the collateral inheritance and other
taxes on which are to be paid out of the residuary estate. There
is nothing in the will on which we can safely base a distinction
which the testatrix herself avoided making, between the extent
of the beneficiary's interest in the real and personal property
included in the same words of disposition.

We are therefore of opinion that, though there is no devise
over, the will shows a clear general intent to give only a life
estate. The act of 1833 was meant to effectuate, not to defeat
the actual intent. A testator giving by will, usually intends
to give the whole of the subject named, as he legally does when
he names personal property. The necessity for words of inher-
itance to pass a fee in land is an invention of the law, a techni-
cality in the way of the testator's usual purpose, which the
statute meant to remove. But when the intent appears by the
whole will to be otherwise, the statute is not to be invoked to
defeat it.

The decree surcharging the accountant with three fourths of the proceeds of the sale of the house is reversed, and the adjudication of the auditing judge reinstated, costs to be paid by the appellee, Charles M. Campbell.