## Schoyer, Appellant, *v.* Kay.

*Will—Devise—Life estate—Limitation over—Testamentary power.*

A devise in a will was, "to my daughter-in-law I devise and bequeath the rents, issues and profits of my warehouse . . . . for and during the term of her natural life. It is my will that she shall not have the power to sell, or encumber said property, but that she shall have power to devise the same by last will and testament." *Held,* that the daughter-in-law took a life estate only.

Argued Nov. 1, 1906. Appeal, No. 160, Oct. T., 1906, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 754, for defendant on case stated in suit of Lucy O'Hara Schoyer v. Frederic G. Kay. Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

From the record it appeared that the plaintiff was formerly Mrs. Lucy Morrison, and a daughter-in-law of William Morrison. The latter by his will directed as follows :

" 9. To my daughter in-law, Mrs. Lucy Morrison, I devise and bequeath the rents, issues and profits of my warehouse and lot situate on Wood street in the city of Pittsburgh, and now in the possession of J. R. Weldin & Company, for and during the term of her natural life. It is my will that she shall not have power to sell or encumber the said property, but that she shall have power to devise the same by last will and testament. The devise is in lieu and stead of the annuity which I am now paying to my said daughter-in-law, and which on her electing to accept this provision of my will shall cease and determine. If the warehouse should be destroyed by fire, insurance to be expended in the reconstruction of building. The insurance premium to be paid from time to time by my executors. On settling their final account the executors may invest enough money in the name of the Safe Deposit & Trust Company to keep the premiums paid."

The plaintiff claimed an estate in fee simple under the will.

The court in an opinion by KENNEDY, P. J., held that the

plaintiff took a life estate only, and entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*John P. Hunter*, of *Schoyer & Hunter*, for appellant.

*J. M. Shields*, for appellee, was not heard.

PER CURIAM, January 7, 1907 :

There is no room for resort to any rules of construction nor to any presumptions as to the testator's intent.    What he meant is as plain as language can make it.    The devise was " to my daughter-in-law, Mrs. Lucy Morrison, I devise and bequeath the rents, issues and profits of my warehouse and lot situate on Wood street . . . . for and during the term of her natural life."    If testator had stopped here, the devisee would have taken a life estate and nothing more.    But he did not stop there because he had not expressed his whole intent, which was that the devisee should have a power of appointment by will.    Therefore, he added " It is my will that she shall not have power to sell or encumber the said property, but that she shall have power to devise the same by last will and testament."    The first clause of this sentence was superfluous, but did no harm as it merely emphasized the intent that there should be no alienation except by will.    If he had transposed the sentence so as to read "she shall have power to devise the same by last will and testament but shall not have power to sell or encumber," there could have been no question about his intent, and yet the meaning would have been exactly the same.    " It is a rule of common sense as well as law not to attempt to construe that which needs no construction : " Reck's Appeal, 78 Pa. 432.

Judgment affirmed.