# Early v. Coleman, Appellant.

*Will—Construction of—Life estate—Lawful heirs.*

Where a father devises land to his daughter "for her natural life, but if she has lawful heirs then it is at her own disposal at her decease," the daughter takes a life estate which does not become a fee simple estate upon the birth of issue.

Argued May 6, 1907.  Appeal No. 2, April T., 1907, by defendant, from judgment of C. P. Clarion Co., for plaintiff on case stated in case of Andrew J. Early and Louisa A. Early v. A. B. Coleman.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Case stated to determine marketable title to real estate.

In addition to the facts stated in the opinion of the Superior Court, it appeared that Rachel Summerville after her father's

death married and had lawful issue, and that thereafter she sold and conveyed the land in controversy.

*Error assigned* was in entering judgment for plaintiff.

*F. J. Maffett,* of *Maffett & Reimer,* with him *E. F. Hays,* and *W. A. & W. W. Hindman,* for appellant, cited: Myers v. Bentz, 127 Pa. 222.

*Don C. Corbett,* for appellee, filed no printed brief.

OPINION BY RICE, P. J., October 7, 1907:

The devise to Rachel Summerville, the plaintiffs' predecessor in title, upon the construction of which this case turns, was in these words: "I give and Bequeath to Rachel Summerville, My Daughter, Four Hundred and Seventy-five dollars ($475) in Money . . . . also the one-half of the farm that Samuel Summerville now lives on for her natural life But if she has lawful heirs then it is at her own disposal at her Decease." According to the stipulation of the case stated, if a fee simple became vested in Rachel Summerville upon her having lawful issue judgment was properly entered for the plaintiff; but, if not, judgment should have been entered for the defendant. The words " at her Decease " cannot be rejected as superfluous or meaningless. It was then that the land in which she had been given a life estate was to be at her disposal; thus implying that she was not to have unlimited power of alienation, but only to make such disposition of the remainder as would take effect upon her death. So far as the decision of the present question is concerned we see no essential difference between such a devise and a devise of land for life coupled with a power of appointment by will. In the recent case of Schoyer v. Kay, 217 Pa. 32, it was held that a devise of rents, issues and profits of realty to a daughter-in-law of the devisor during her natural life, coupled with the words " It is my will that she shall not have power to sell or encumber the said property, but that she shall have power to devise the same by last will and testament," gave the devisee a life estate only, with power of appointment. It may be said that the devise construed in that case is materially different from the one under consideration in this case

because there was in the former an express provision that the devisee should not have power to sell or incumber the said property. But this is not sufficient to distinguish the cases, because, as was shown in the opinion of the court in that case, this clause of the sentence " was superfluous, but did no harm as it merely emphasizes the intent that there should be no alienation except by will." With this explanation the cases are strikingly parallel. We are of opinion that the estate devised to Rachel Summerville did not become a fee simple upon the birth of issue and, therefore, under the stipulation of the case stated, judgment should be entered for the defendant.

The judgment is reversed and judgment directed for the defendant.