## Freeman's Estate.

220  343
d227  160

*Wills—Gift to wife—Life estate—Personal estate—Intention.*

Where a husband gives, devises and bequeaths all his real and personal estate to his wife "to take and use same, and the net income thereof during all the term of her natural life, without giving security as life tenant thereof," without limitation over, or intervention of trustee, the wife takes a life estate only in the personalty. If an absolute estate had been intended, the words "without giving security as life tenant thereof," would be meaningless.

Argued Jan. 21, 1908. Appeal, No. 369, Jan. T., 1907, by Henry Tatnall et al.,.from decree of O. C. Phila. Co., Jan. T., 1907, No. 48, dismissing exceptions to adjudication in Estate of Charles D. Freeman, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Robert D. Maxwell* and *Arthur G. Dickson,* for appellants.—The widow took an absolute estate: Merkel's App., 109 Pa. 235 ; Nat. Live Stock Bank v. Hartman, 8 Pa. Superior Ct. 170 ; Hartman's Est., 11 Pa. Superior Ct. 35 ; Drennan's App., 118 Pa. 176 ; Ritter's Est., 148 Pa. 577 ; Boyle v. Boyle, 152 Pa. 108.

*John I. Rogers,* with him *J. B. Colahan, 3d,* for appellees.—Courts should not attempt to construe that which needs no

construction : Reck's App., 78 Pa. 432 ; Hauer's Est., 16 Pa. Superior Ct. 257 ; Campbell's Est., 202 Pa. 459.

OPINION BY MR. JUSTICE FELL, March 2, 1908 :

The executors of the will of S. Augusta Freeman, in filing her account as administratrix c. t. a. of the estate of Charles D. Freeman, reported that they found certain certificates of stock in her name as life tenant under the will of her husband, Charles D. Freeman, and submitted the question of the ownership of the shares to the court for determination. The contest was between legatees under the will of Mrs. Freeman, who asserted an absolute ownership of the shares in her, and the widow of an heir of Mr. Freeman, who claimed that Mrs. Freeman's interest was limited to a life estate.

The fourth and final clause of Mr. Freeman's will is as follows : " I give and devise and bequeath all my real and personal estate, also that interest in my father's estate over which I have power of appointment, to my wife to take and use same and the net income thereof during all the term of her natural life without giving security as life tenant thereof." There was no limitation over after the death of his wife. He owned shares of stocks of the value of over $90,000. Some of the certificates were in his name, some were in the name of Mrs. Freeman, and some were in the name of the broker through whom they had been purchased. At the instance of some of her children, and after a conference on the subject between their counsel and hers, she surrendered all the certificates of stock and had new ones made out in her name as " life tenant under the will of Charles D. Freeman, deceased."

Irrespective of any effect that might be given to the act of Mrs. Freeman in taking out new certificates, either as a recognition by her of her limited estate or as a family settlement, the decree is right. Notwithstanding that the gift was to take and use the corpus of the estate and the net income thereof for life, with no limitation over and without the intervention of a trustee, the manifest intention was that Mrs. Freeman should take only a life estate. That the testator meant this is apparent from the direction that relieved her from giving security to preserve the corpus of the estate. If an absolute estate had been intended, the words, " without giving security

as life tenant thereof," would be meaningless. The intention being clear, there is no room for the application of rules of construction in aid of its discovery. It was said by the present chief justice in Woelpper's Appeal, 126 Pa. 562 : " With the desire to reduce to a minimum the perplexity and uncertainty inseparable from the subject, courts have established certain artificial and arbitrary canons of construction by which certain forms of expression are presumed to have certain meanings, and in doubtful cases these presumptions are held to be decisive. But these canons are subservient to the great rule as to intent, and are made to aid, not to override it. As in all such cases, care is required that tools shall not become fetters, and that the real end shall not be sacrificed to what was intended only as the means of reaching it."

The decree is affirmed at the cost of the appellant.