## Rogers' Estate.

*Wills—Personal property—Residuary bequests—Life estates with power to consume—Absolute gifts—Construction—Intention.*

1. The general rule that a gift of personal property for life without a gift over passes the whole estate is not a rule of law, but a rule of construction, in aid of discovery of the testator's intention.

2. Where a testator gave the residue of his estate, real, personal and mixed, "to my beloved wife......for and during her natural life, with full power to sell or dispose of any of my real estate, securities of any and all kinds, in such manner as she may desire, with the request, however, that care be taken in the investment or reinvestment of any money that may not be actually required for living expenses, or other necessities, with the wish that she may at any and all times be liberal in regard to her own comforts and not feel that it is necessary to be unduly economical......" and made no gift over of the estate, the request that care be taken in the investment of the money was merely precatory; the provision giving the wife full power to sell or dispose of the estate was the controlling language of the residuary clause of the will and disclosed the testator's intention to vest in the wife an absolute estate in the personal property, and the Orphans' Court erred in deciding that the wife was given only an estate for life, with power to consume, in the residue of the personal property.

Argued Feb. 2, 1914.   Appeal, No. 391, Jan. T., 1913, by Harriet M. Rogers, from decree of O. C. Montgomery Co., Sept. T., 1913, No. 52, dismissing exceptions to adjudication in Estate of Edward L. Rogers, Deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.   Reversed.

Exceptions to adjudication.   Before SOLLY, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Harriet M. Rogers appealed.

*Error assigned* was in dismissing the exceptions.

*James W. Laws,* for appellant.—The decision of the court below can only be sustained on the hypothesis that a partial intestacy could not be avoided by any reasonable construction of testator's will: Keene's Est., 221 Pa. 201; Fuller's Est., 225 Pa. 626; Caslow v. Strausbaugh, 233 Pa. 69; Snyder v. Baer, 144 Pa. 278; Witmer v. Delone, 225 Pa. 450; Hardaker's Est., 204 Pa. 181; Huber v. Hamilton, 211 Pa. 289; Henninger v. Henninger, 202 Pa. 207; Boyle v. Boyle, 152 Pa. 108; Freeman's Est., 227 Pa. 154; Forsythe v. Forsythe, 108 Pa. 129; Smith v. Fulkinson, 25 Pa. 109; Nevins's Est., 7 Pa. D. R. 761.

The decision of the court below removes the control of the use of both the income and principal from the hands of the widow, and places the control in the hands of the two daughters, in violation of the plain intention of the will: Watson's Est., 241 Pa. 271.

*H. Gordon McCouch,* of *Dickson, Beitler & McCouch,* for appellees.—If the contention of the appellant prevails, the testator practically disinherits his own children which can be done only by an express devise, or by necessary implication: Corr's Est., 202 Pa. 391; Espy's Est., 207 Pa. 459.

Artificial canons of interpretation are only to be used in doubtful cases; they are subservient to the great rule as to intent, and are made to aid, not to override it: Woelppers' App., 126 Pa. 562; Arnold v. Muhlenberg College, 227 Pa. 321; Tyson's Est., 191 Pa. 218; Gourley's Est., 238 Pa. 62. The presumption that a power to consume passes a fee has been held not to prevail against the manifest intention of the testator to the contrary:

Fassitt v. Seip, 240 Pa. 406; Gourley's Est., 238 Pa. 62; Keown's Est., 238 Pa. 343; Briggs v. Caldwell, 236 Pa. 369; Dickinson's Est., 209 Pa. 59; Allen v. Hirlinger, 219 Pa. 56; Freeman's Est., 220 Pa. 343.

OPINION BY MR. JUSTICE POTTER, May 4, 1914:

This is an appeal from the decree of the Orphans' Court of Montgomery County, dismissing exceptions to the adjudication in the estate of Edward L. Rogers, deceased. In his will the testator gave legacies of $10,000 to each of his three children and provided as follows: "And as to all the rest, residue and remainder of my Estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath to my Beloved Wife, Harriet M. Rogers, for and during her natural life, with full power to sell or dispose of any of my real estate, securities of any and all kinds, in such a manner as she may desire, with the request however that care be taken in the investment or reinvestment of any money that may not be actually required for living expenses, or other necessities, with the wish that she may at any and all times be liberal in regard to her own comforts and not feel that it is necessary to be unduly economical, especially so if my estate so warrants it." There was no gift over of the estate.

Upon the audit of the executor's account, the widow, who had elected to take under the will, claimed that she was entitled to the residuary estate absolutely. The auditing judge, however, held that she was given only a life estate, with power of sale and the right to consume as much as may be actually required for living expenses and necessities. Exceptions filed by the widow were dismissed and the adjudication was confirmed. The widow has appealed. The general rule is that a gift for life without a gift over passes the whole estate. This is not a rule of law, but a rule of construction in aid of discovery of the testator's intention. Tyson's Estate, 191

Pa. 218. In that case, however, there was an absolute devise over, and the residue after the life estate passed under the will. In Brownfield's Estate, 8 Watts 465, the testator gave his wife "one third of my personal estate, during her life, after my just debts paid," without any disposition over. Mr. Justice KENNEDY said (p. 469): "The widow was entitled to receive it, to dispose of as she pleased, there being no limitation over of it after her death." In Diehl's Appeal, 36 Pa. 120, a testator gave to his wife a tract of land during her life time, "together with all my bonds and notes, to have and to hold the same, also all my personal estate, whatsoever will be left after my decease, to have and to hold the same during her natural life time," without making any disposition over. It was held that the bonds and notes became the absolute property of the testator's widow. In Shower's Estate, 211 Pa. 297, our Brother MESTREZAT said (p. 303): "We concede the rule invoked by the appellants that the gift of the income of an estate with no limitation over of the principal is an absolute gift of the property or fund itself." In Merkel's Appeal, 109 Pa. 235, a testator gave to his wife, "my remaining personal property, it may be money or whatsoever kind it will, to her full ownership as long as she doth live." He also provided: "I recommend that my hereinafter named executor shall see after that her money does not become lost." In disposing of this case Mr. Justice PAXSON said: "The language of the will above quoted is ample to vest the personal estate of the testator absolutely in his widow. It is a gift for life, without any limitation over, and without the intervention of a trustee........The recommendation to his executor to see that his widow's money 'does not become lost' are precatory words, and since Pennock's Estate, 20 Pa. 268, have never been held sufficient to convert a devise or bequest into a trust." In the present case the request that care be taken in the investment of the money is merely precatory, and the provision giving to the wife full power to

sell or dispose of the estate, is the controlling language of the residuary clause of the will. In Freeman's Estate, 220 Pa. 343, there was a provision which relieved the wife as life tenant from giving security, and it was held that if it had been intended to give an absolute estate, these words would be meaningless. Therefore, they were regarded as sufficient to take the case out of the general rule. In the present case, in a former clause of the will, after speaking of bequests which he had made to his two daughters, the testator makes further reference to "any other interest that may eventually come to them from my estate." We do not, however, regard these words as necessarily having the effect of limiting the wife to an estate for life. They may apply to real estate of which testator died seized, which would descend to the daughters if not consumed by the wife. These words might also apply to any portion of the personal estate which the daughters might eventually receive from their mother. The testator evidently contemplated the possibility that the widow would not consume the entire principal of the estate, in which event she would naturally bequeath part of it to her children, or in the event of her dying intestate they would inherit from her. There is also a presumption of the first taker having a fee, in spite of subsequent words which appear to be repugnant. See language of Mr. Chief Justice MITCHELL, in Allen v. Hirlinger, 219 Pa. 56, at page 58. At any rate, we are not satisfied that the language used indicates a clear intention on the part of the testator to restrict the gift to the widow to a life estate only, nor do we regard it as sufficient to overcome the established rules of construction that would give to her the personal property, absolutely. In many of our cases language much stronger has been held not to have the effect of cutting down the wife's interest to a life estate. Thus in Follweiler's Appeal, 102 Pa. 581, testator gave and bequeathed "all the rest, residue and remainder of my goods, chattels, debts, ready money, effects and other of

my estate whatsoever and wheresoever, both real and personal, every part and parcel thereof unto my wife Mary, to keep and enjoy during her lifetime, and after her death what shall be left shall be divided equally, my heirs and her heirs, share and share alike." It was held that the widow would take any personal property absolutely, but took a life estate only in the realty. Mr. Justice TRUNKEY said (p. 583) : "If there were any personalty, appellant (widow) would take it absolutely. But the realty is not subject to the same rule." The principle of this decision was recognized and followed in Cox v. Sims, 125 Pa. 522, and the same principle was again cited and approved in Taylor v. Bell, 158 Pa. 651, where Mr. Justice GREEN said (p. 655) : "In the present case the widow has the right to use the residuary estate as she may deem best for her own advantage. This would entitle her to an absolute estate in the personalty, because it includes the power of disposition." In that case, however, as to the real estate, there was no power of sale. While in the case now before us the wife was given power to dispose of the real estate, if necessary. In Boyle v. Boyle, 152 Pa. 108, it appeared, as set forth in the syllabus, that a will provided as follows: "as to my worldly goods, after my just debts are paid, I give and bequeath to my beloved wife, all my property, real and personal for her support during her natural life time; any remainder at her decease to be disposed of by her as she may think just and right among my children." It was held that the words of the will imported an absolute gift, and gave a fee with all its incidents. In Hardaker's Estate, 204 Pa. 181, the wife was given the estate during her natural life with power of disposition by will. It was held that she took an absolute and not merely a life estate in all the property possessed by the husband at the time of his death.

In the case now under consideration the residue of the estate was given to the wife "for and during her natural life, with full power to sell or dispose of any of my real

estate, securities of any and all kinds in such a manner as she may desire." This was followed by the precatory words as to care in investment of money not actually required for living expenses or other necessities. We cannot under the authorities above cited regard these latter words, nor the words in the former clause of the will, referring to any interest that may eventually come to his daughters from his estate as expressing a clear intent upon the part of the testator to limit the interest of the wife to a life estate. We think an absolute estate in the personalty passed to the wife.

The first, third, fourth, fifth, seventh, eighth, ninth and tenth assignments of error are sustained. The decree of the Orphans' Court is reversed, and it is ordered that the record be remitted to the court below, that distribution may be made in accordance with this opinion.