## McCullough's Estate.

*Wills—Construction—Devise to wife—Life estate—Remainder —Absence of gift over—When intention not to give fee.*

1. Where a testator devises real estate to his wife "for her use and maintenance and that of my minor children," gives her a full power of sale, and finally directs that all of his property after payment of legacies shall revert to his wife as executrix "according to the provisions mentioned and set forth in this my last will and testament," the wife takes a life estate, and if any real estate remains unsold at the death of the wife the children take it in remainder under the testator's will.

2. In such case the power to sell was not repugnant to the creation of a life estate in the wife.

3. The absence of a gift over on the death of the wife, does not, under the particular wording of the will, vest a fee in the wife.

4. Though the absence of a gift over is some indication of a purpose to give to the first taker an estate in fee, yet the will as a whole may disclose a contrary intention.

Argued October 25, 1921.   Appeal, No. 195, Oct. T., 1921, by Potter Title & Trust Co., guardian of Lovisa McCullough, from decree of C. C. Allegheny Co., May T., 1921, No. 276, dismissing petition to revoke order to sell real estate, in estate of John McCullough, deceased. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Petition to revoke order to sell real estate.   Before
MILLER, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed.   Potter Title & Trust Co., guardian of Lovisa McCullough, appealed.

*Error assigned*, among others, was above decree, quoting it.

*P. K. Motheral,* with him *George D. Wick* and *Reed, Smith, Shaw & Beal,* for appellant.—The wife took a life estate: Fuller v. Wilbur, 170 Mass. 506; Bennett v. Sutphen, 266 Pa. 168; Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Henninger v. Henninger, 202 Pa. 207.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee, cited: Bennett v. Sutphen, 266 Pa. 168.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

John McCullough died June 24, 1886, leaving a widow and three children.   By his will he provided, inter alia, as follows: "I give and bequeath to my beloved wife, L. C. McCullough, all my property, real and personal, for her use and maintenance and that of my minor children, except my daughter Mary Jane above mentioned and provided for in this instrument, my real estate consisting of the house now occupied by me No. 250 Allegheny Avenue, in the City of Allegheny.

"And I further give and bestow full power and authority to my said wife to sell, lease or rent the said house and appurtenances in any way or manner she may think most conducive to her own interest and that of my minor children."

Various sums, payable at named times, were bequeathed to the children by a codicil.   In the last clause there is this direction: "It is my will and desire that all my property, real and personal, shall, after the payment of the legacies and bequests above mentioned, revert to

my wife as executrix, according to the provisions mentioned and set forth in this my last will and testament, and no bond or appraisement required."

The widow survived and died on February 22, 1917. By her will, a one-seventh part of her estate was given in trust, for Lovisa McCullough, a minor daughter of her son, who had died intestate, leaving a widow and this one child. The trustee, so named, secured leave from the orphans' court to sell the interest of the minor in the real estate of which John McCullough died seized, averring that, by the devise of the grandfather, an estate in fee simple had passed to the grandmother, and that the grandchildren, under the will of the latter, had a one-seventh interest therein. Subsequently, the appellant, as guardian, asked for a revocation of the order made, it being insisted that only a life estate passed under the will of the grandfather, with a vested remainder in his three children, and that the interest of the ward was one-third, subject to the dower rights of her mother. The contention of the trustee was upheld, and the petition was accordingly dismissed; from the order so made this appeal was taken.

There is but one question which requires solution: Did the wife become immediately vested with the entire estate, both personalty and realty, absolutely and in fee, or did she take but an estate for life, with the remainder to the children?

It is to be noted that the property was devised "for her use and maintenance and that of the minor children," and in this respect differs from the cases of Fidelity Trust Co. v. Bobloski, 228 Pa. 52, and Bennett v. Sutphen, 266 Pa. 168, relied upon by the court below, where, to the devise to the wife, there was added a request that she educate and assist her children. It is further to be observed that provision was made in the codicil for the payment of various sums to the latter at times specified. The balance was to revert to the mother, not as an individual but as executrix, and for the express purpose

defined in the will of supporting herself and family.
Ordinarily, a devise to one "and her children" passes
but a life estate to the first taker with remainder in fee
to the children as a class (Hague v. Hague, 161 Pa. 643;
Crawford v. Forest Oil Co., 208 Pa. 5; Elliott v. Dia-
mond Coal & Coke Co., 230 Pa. 423; Chambers v. Union
Trust Co., 235 Pa. 610), and the same has been held to
be true where a trust was created for a daughter "for
her and her children's sole use and benefit": Vaughan's
Est., 230 Pa. 554.

In the present case, a power to sell was given, but
such superadded privilege is not repugnant to the cre-
ation of a life estate (Henninger v. Henninger, 202 Pa.
207), and the purpose in so directing clearly arose from
the desire of the testator to provide funds with which to
furnish proper support for the family. A power to con-
sume makes possible the use of the proceeds of sale by
the one named as donee, but if there be a failure to con-
vert the realty, or a portion thereof, what remains un-
consumed will pass through the will of the donor (Nie-
man's Est., 229 Pa. 406; Allen v. Hirlinger, 219 Pa. 56;
Fassitt v. Seip, 240 Pa. 41; and this is true though
a sale has taken place and the sums received have been
reinvested: Trout v. Rominger, 198 Pa. 91; Gross v.
Strominger, 178 Pa. 64; Huber's Est., 249 Pa. 90. If
the grandmother in the present case was possessed
merely of a life estate with a power to consume,—the
property here involved was not disposed of in her life-
time,—then the petitioner, as the representative of her
father, became possessed of a one-third thereof, subject
to the dower interest of her mother: Morris's Est., 270
Pa. 120.

The learned court below was of the opinion that the
principles suggested were not controlling in the present
case because of the absence of a gift over upon the death
of the grandmother, and applying the general rule that
a devise generally or indefinitely, with power of dispo-
sition, carries a fee, held the estate which passed to have

be absolute. "With the desire to reduce to a minimum the perplexity and uncertainty inseparable from the subject, courts have established certain artificial and arbitrary canons of construction, by which certain forms of expression are presumed to have certain meanings, and in doubtful cases these presumptions are held to be decisive. But all of these canons are subservient to the contrary rule as to intent, and are made to aid, not to override it": Woelpper's App., 126 Pa. 562.

By the Act of April 8, 1833, P. L. 249, it is provided: "A devise of real estate shall pass the whole estate of the testator in the premises devised......unless it appear by devise over or by words of limitation, or otherwise, in the will that the testator intends to devise a less estate." Though the absence of such a gift of the remainder is some indication of a purpose to give to the first taker the estate in fee, yet the will as a whole may disclose a contrary intention. This has been held under the following circumstances: where the estate was expressly limited to life (Reynolds's Est., 175 Pa. 257; Shaner v. Wilson, 207 Pa. 550); where certain legacies were directed to be paid after the death of the first taker (Nevin's Est., 192 Pa. 258); and where the testator directed that the estate should be held "without giving security as life tenant therefor": Freeman's Est., 220 Pa. 343.

Disregarding artificial rules of construction, which are of assistance only in discovering the intent of a testator in doubtful cases (Tyson's Est., 191 Pa. 218; Rogers's Est., 245 Pa. 206), the purpose of the grandfather in the present case is apparent. The devise was not to the widow alone with direction to aid the offspring, but expressly for "her use and maintenance and that of my minor children." No intention to give to her an absolute estate in the whole is to be found. The contrary is most clearly indicated by the last paragraph of the codicil, which provides that any balance after payment of certain legacies should revert to her as executrix and not

as an individual. As executrix and guardian of the children under the will of her husband, it was within her power to use such of the fund as might be required for their joint maintenance, but this necessity seems not to have arisen, as the real estate remained unsold at the time of her death. Her life estate having terminated, those in remainder have become the owners in fee, and the petitioner in the court below, representing as she does her father, now deceased, is entitled to one-third, subject to the dower interest of her mother.

The assignments of error are sustained, and the decree appealed from is reversed, and it is ordered that the record be remitted to the court below for further proceedings. The costs are directed to be paid from the estate of the appellant.