## Connelly's Estate.

*Wills—Construction—Gift to wife as long as she lives—Absence of gift over.*

A devise to a wife as long as she lives or remains testator's widow, with no qualifying words or context to indicate that a fee was intended, gives her only a life estate, even if there be no gift over. Such gifts are to be distinguished from a primary gift to the wife of a fee, qualified by such words as "as long as she lives or remains my widow" or "until she remarries," or words of similar import.

Petition to dismiss partition proceedings. O. C. Phila. Co., July T., 1915, No. 127.

*W. Horace Hepburn, Jr.*, for petitioner; *M. J. O'Callaghan*, contra.

THOMPSON, J., May 26, 1922.—This case comes before us on a petition to dismiss certain partition proceedings in the estate of Annie Connelly, deceased, now pending in this court, on the allegation that the decedent did not own the real estate referred to therein, to which an answer has been filed denying said allegation and asserting title in the decedent. The facts are as follows:

The property in question was owned by Gustavus Connelly, who died on April 9, 1896, leaving a will, duly probated, as follows:

"Philadelphia, April 6th, 1896.

"In the Name of God Amen.

"I Gustavus Connelly being of sound mind and likely to die at any time I do hereby make my last will and bequeath to my son Gustavus the sum of Five Dollars and also to my daughter Margaret McClarnen the sum of Five Dollars and the remaining part of my Real Estate, and all Personal Property to my beloved wife Annie Connelly, who is to be the Sole Executator of my Estate, as long as she lives, and remains my widow.

"Daniel Turner. (Signed) GUSTAVUS CONNELLY."
"John G. Schmidt."

Annie Connelly, wife of the said Gustavus Connelly, died on Dec. 18, 1901, leaving a will, duly probated, whereby, after making sundry small bequests, she directed her estate to be divided into two parts, one-half to Annie and John Connelly, and the other half to be divided among the children of Margaret McClernan, and it is among those claiming under the will of Annie Connelly that the present proceedings now pending in this court are brought.

The question before us, therefore, is one of title. Did Annie Connelly take, under the will of her husband, Gustavus Connelly, a life estate or a fee?

In our judgment, she took a life estate only. We do not consider this a case where rules of construction of wills are applicable, for the reason that, under the will of Gustavus Connelly, his wife, Annie Connelly, took a life estate only by the plain terms thereof. The cases cited on behalf of those claiming under the will of Annie Connelly are all cases where there has been a primary gift

to the wife, qualified only by such words as "as long as she remains my widow" or "until she remarries," or words of similar import. No case has been brought to our attention where a devise to a wife "as long as she lives," with no qualifying words or context or words to indicate that a fee was intended, has been held to be an estate in fee. All presumptions (such as that the testator, when he makes a will, is presumed not to intend an intestacy as to any part of his estate, that the law favors the widow, and that the absence of a gift over indicates a fee in the first taker) must necessarily give way to the plain provisions of the will. It might be said that the presumption that the heir is not to be disinherited unless the intention so to do is clearly manifested would be a presumption in the present case in favor of a life estate in the widow, in view of the fact that Gustavus Connelly, Jr., the only child of Gustavus Connelly, is alive and would take as the heir of his father, there being no gift over after the life estate given to the widow. See Scott *v.* Murray, 218 Pa. 186; Koble *v.* Bennett, 40 Pa. Superior Ct. 79; Schaper *v.* Pittsburgh Coal Co., 266 Pa. 154; Long *v.* Hill, 29 Pa. Superior Ct. 606; Reynolds's Estate, 175 Pa. 257; McCullough's Estate, 272 Pa. 509.

The petition is granted and all proceedings in partition in this estate are dismissed.