## Schaaf et al., Appellant, *v.* Politowski.

*Wills—Life estate—Real estate—Power to sell—Act of April 8, 1833, P. L. 249.*

1. Where a testator devises and bequeaths all the residue of his estate to his wife "to have and enjoy the same during her natural life," and further gives "her privilege and full power, if she can get good prices for the said real estate, to make sale of the same and give good title to the same," and appoints his wife executrix, the wife takes only a life estate, and not a fee simple absolute, under the Act of April 8, 1833, P. L. 249. Kiefel v. Keppler, 173 Pa. 181, distinguished.

*Practice, C. P.—Ejectment—Stipulation as to facts—Judgment on pleadings.*

2. In an action of ejectment, where the issue involves the construction of a will, and the only facts which could have raised issues for a jury are agreed to by the parties, through stipulation filed of record, it is not improper practice for the court, on a motion for judgment on the pleadings made by plaintiff, to enter such judgment for defendant, instead of submitting the case to the jury, when, had the proper construction of the will arisen at a jury trial, the court would have been obliged to instruct for defendant.

*Ejectment—Assignments of error—Preliminary orders—Ejectment.*

Where preliminary orders in an action of ejectment are not specifically assigned for error, they will not be considered on appeal.

Argued October 10, 1922. Appeal, No. 90, Oct. T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1920, No. 1354, for defendants on pleadings, in case of Peter Schaaf et al. v. Anton Politowski et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment for land in the 17th Ward of the City of Pittsburgh. Before STONE, J.

Motion for judgment for plaintiffs on pleadings.

The opinion of the Supreme Court states the facts.

Judgment for defendants on pleadings. Plaintiffs appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*John A. Metz,* with him *W. C. McClure,* for appellants. —The only matter before Judge STONE, for decision was plaintiffs' rule for judgment on the pleadings in favor of plaintiffs and against the defendants. If Judge STONE had been of the same opinion and had agreed with Judge HAYMAKER who overruled the prior demurrer, he should have made plaintiffs' rule absolute. On the other hand, since Judge STONE was of opinion the widow took only a life estate, he should have discharged plaintiffs' rule and made no further order. The case would have been placed at issue, and tried before a jury.

Under the will of Nick Schwartz, his widow took a fee: Kiefel v. Keppler, 173 Pa. 181; Fidelity Trust Co. v. Bobloski, 228 Pa. 52.

*F. A. Piekarski,* for appellees.—The widow took a life estate: Fox's App., 99 Pa. 382; Allen v. Hirlinger, 219 Pa. 58; Crisswell v. Grumbling, 107 Pa. 408.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

The question in this case is, Did Anna Schwartz take a life estate, or a fee simple absolute, in the real property of her deceased husband, Nick Schwartz? The court below decided that Mrs. Schwartz had but a life estate, and plaintiffs, claiming title through her, have appealed.

Nick Schwartz died, testate, December 25, 1909, seized of the premises in controversy, leaving a widow and one adopted child, John N. Schwartz; his widow, Anna Schwartz, having made no attempt to sell testator's real estate, died intestate, October 26, 1912, survived by two

SCHAAF et al., Appellant, v. POLITOWSKI.     33

1923.]                    Opinion of the Court.

sisters, both of whom subsequently died, leaving plaintiffs as their heirs at law.

The part of the will of Nick Schwartz here involved reads as follows: "Third: All the rest, residue and remainder of my estate, real, personal and mixed, of what nature or kind the same may be at the time of my decease, I give, devise and bequeath to my beloved wife, Anna Schwartz, to have and to enjoy the same during the term of her natural life, and I give her the privilege and full power, if she can get good prices for the said real estate, to make sale of the same and give good title for the same as if I was alive. I do hereby make, constitute and appoint my wife, Anna Schwartz, to be executrix of this my last will and testament."

Appellants contend that Anna Schwartz took a fee, under section 9 of the Act of April 8, 1833, P. L. 249, 250, which provides: "All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over or by words of limitation or otherwise, in the will, that the testator intended to devise a less estate."

There is no devise over in the present will, but the testator distinctly provides that his wife's estate shall be limited to "the term of her natural life." In McCullough's Est., 272 Pa. 509, 513, discussing the effect of the Act of 1833, we recently said: "Though the absence of a gift of the remainder is some indication of a purpose to give to the first taker the estate in fee, yet the will ......may disclose a contrary intention; this has been held......where the estate was expressly limited to [one for] life: Reynolds' Estate, 175 Pa. 257; Shaner v. Wilson, 207 Pa. 550." True, in the present will, testator's wife is granted power "to make sale of" and "give good title" to his real estate; but, in McCullough's Est., supra, at p. 512, referring to a power of sale given to a devisee for life, we said: "Such superadded privilege is not repugnant to the creation of a life estate: Henninger v.

Henninger, 202 Pa. 207." Moreover, since, in the will now before us, the provision containing the power of sale is immediately followed by the devisee's designation as executrix, this, in effect, is nothing more than a power vested in her qua that office, and the fact that the grant is coupled with the words, "if she can get good prices," strongly suggests testator's intention to vest such power in his widow as executrix, rather than as devisee. We agree with the court below that Anna Schwartz took only what the will, in plain words, gave her,—a life estate.

In Kiefel v. Keppler, 173 Pa. 181, chiefly relied on by appellants, a devise to a husband, "while he lives," of the "whole income" of his wife's estate, was construed to vest a fee in the devisee, under the Act of 1833; but there are material differences between the will then before the court and the one at bar, likewise in the circumstances attending the making of the two wills, all of which may be considered, in order to arrive at the present testator's true intent, and to determine whether that case is controlling here. There, as pointed out at the beginning of Mr. Justice MITCHELL'S opinion, the testator expressly disposes of "all such estate as it hath pleased God to intrust me with"; here, no such expressed intention appears. There, the testatrix gives "the whole income" of the estate to the devisee "while he lives," without expressly saying, in connection with the devise, anything about the corpus; here, he in terms limits the devisee's enjoyment of the corpus to a life estate. There, a person other than the devisee is appointed executor, and the husband, as devisee, is given "the right to sell any or all of the property" belonging to the testatrix; here, the devisee and the executrix are the same person, and, as previously suggested, the power of sale, in all probability, was intended for the executrix, so that testator's real property might be handled to the best advantage of both the devisee and the adopted son, who is the ultimate heir. There, the power of sale is absolute in

form; here, it is coupled with the words, "if she can get good prices," which have a significance, so far as the present will is concerned, as hereinbefore said.  On the whole, we feel that Kiefel v. Keppler is not a controlling authority in this case.

Appellants attempt to question the propriety, from the standpoint of correct practice, of the manner in which the court below reached its judgment, claiming that, as this is an action of ejectment, the issues should have been adjudicated at a jury trial; but the only facts which could have raised issues for a jury were agreed to, in a formal stipulation filed of record, and, had the proper construction of the will arisen at a jury trial, the court would have been obliged to give binding instructions for defendant, hence no material harm was done by the manner in which these issues were disposed of: Glenn v. Stewart, 265 Pa. 208, 211-12; see also Wilson v. Cather, 214 Pa. 3, 7, 8, 9.   Moreover, the prior orders about which complaint is made in the argument of appellants' counsel, are not specifically assigned for error.

The judgment is affirmed.