## Roberts' Estate

310

*Krusen, Evans, Shaw & Campbell,* for exceptants.
*Townsend, Elliott & Munson,* contra.

STEARNE, J., April 24, 1936.—The auditing judge committed no error when he declined to award the trust res to exceptant and his sister absolutely and decreed that they were limited to life estates. Exceptant maintains that by implication they were bequeathed the entire beneficial interest, and, although such interest was passed in trust, the trust is a dry one, and if not, nevertheless, they are entitled to terminate it, and, under either theory, should be awarded the corpus absolutely.

As narrated in detail in the adjudication, testator, out of his residuary estate, erected an active trust for the benefit of his two named daughters for their respective

lives, and, upon their decease, the net income was payable to the child or children of such daughters for their life or lives. Testator made provision for the disposition of the principal in the event that either or both daughters died without leaving children. He neglected, in terms, to dispose of the principal upon the contingency of a daughter dying leaving a child or children to whom he had given a life estate only. Such contingency has happened. A daughter, life tenant, has died survived by two children. The trust estate, under the terms of the will, as above stated, passes to exceptant and his sister "for and during all the term of [their] natural [lives]", with no gift over.

Exceptant, under the terms of this will, was given but a life estate. Testator clearly died intestate as to the remainder: Gibbons' Estate, 317 Pa. 465. It is a general rule that a gift of personal property for life without a gift over passes the whole estate: Appeal of Merkel et al., Admrs., 109 Pa. 235; Drennan's Appeal, 118 Pa. 176; Rogers' Estate, 245 Pa. 206. However, where real estate is given for life, absence of a gift over does not enlarge the estate to a fee simple: Reynolds' Estate, 175 Pa. 257; McCullough's Estate, 272 Pa. 509; Schaaf et al. v. Politowski, 276 Pa. 31; Rupp et al. v. Stevens et al., 297 Pa. 448. Citations may be multiplied but these cases illustrate the rule. The foregoing principles should not be confused with the gift in perpetuity, without restraint or limit of duration, of "rents, issues, and profits" of land, as considered in Gibbons' Estate, 317 Pa. 465. In such cases, there is no named period of enjoyment, while in the instant case enjoyment is specifically limited for life.

Furthermore, in all cases it must be remembered that the principle is not a rule of law, but a rule of construction, in aid of discovery of the testator's intention: Rogers' Estate, supra; Gibbons' Estate, supra. These canons of construction fall in the face of contrary intentions indicated by the will: See opinion of Mr. Chief Justice Kephart in Gibbons' Estate, supra, p. 467. Thus, in the

case of a devise of rents, issues, and profits of land, the presumption that testator intended an absolute fee wholly fails and is rebutted: (1) Where the gift is for a limited period; (2) where the trustee has active duties to perform, or (3) where the will otherwise discloses a contrary intention. And similarly in case of a life estate in personal property, with no gift over, the presumption of an absolute bequest is rebutted where there is an intervention of a trustee: Drennan's Appeal, supra, opinion of Mr. Justice Paxson, at page 188 et seq. In the instant will there is the intervention of trustees with active duties imposed upon them as to investment of principal, collection of income, payment of expenses and distribution of the net income. Furthermore, the will discloses that testator knew when he was bequeathing real and personal estate absolutely. This is demonstrated in the first and second items of the will. It is also to be observed that he gives the principal of the trust estate absolutely, under the intestate laws, in the event that both daughters died without leaving child or children. It would therefore seem conclusive, in these circumstances, that the words of the will disclose that the testator did not intend to pass a fee to his grandchildren by merely giving them a life estate and not providing for a gift over. We are clearly of opinion that this bequest was but a gift of equitable life estates and that testator died intestate as to the remainder.

Decedent died in 1891. His heirs and next of kin, determined as of that date, consisted of a widow and two daughters, who, in accordance with the then intestate law, possessed vested fees in remainder. It therefore clearly appears that exceptant and his sister, possessing but life estates, are not the persons entitled in remainder. These remainders are vested in the estates of the foregoing named heirs and next of kin. We are therefore relieved from considering whether the trust is a dry one, and consequently executed. Nor are we presently concerned with a situation where all interested parties join in an appli-

cation to terminate a trust: Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301; Baughman's Estate, 281 Pa. 23; Minnich's Estate, 206 Pa. 405; Harrison's Estate, 25 D. & C. 133; Lyon et al. v. Alexander, 304 Pa. 288.

The exceptions are dismissed and the adjudication is confirmed absolutely.