Nelson *v.* Johnson et al., Appellants.

Argued May 27, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

John H. Bozic, for appellants.

Dickson Andrews, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, June 25, 1946:

Case stated to determine title to property 766-768 Penn Street, Meadville, which plaintiff, Evelyn Norris Nelson, contracted to sell to defendants, Lee Johnson and Pearl Johnson.

Plaintiff's title was derived from her deceased mother, Elizabeth E. Norris, who owned this property at the time of her death and the relevant portion of whose will was as follows: "First. I give and bequeath to my beloved daughter, Evelyn Norris Nelson, all my property, both real and personal, after the payment of all my just debts, to have and to hold during her life time, and to do with as she may see fit at her death."

The court below was of opinion that this provision vested in Mrs. Nelson a fee simple estate. It has been definitely held, however, that the devise of a life estate with power of appointment or disposal at death is not a gift in fee simple: *Schoyer v. Kay*, 217 Pa. 32, 66 A. 141; *Terppe's Estate*, 224 Pa. 482, 73 A. 922; *Early v. Coleman*, 34 Pa. Superior Ct. 267. The learned court sought to distinguish these cases on the ground that there was no remainder over provided for in Mrs. Norris' will, and that the general rule is that a bequest of personalty for life, without any limitation over, and without the intervention of a trustee, is an absolute gift: *Appeal of Merkel*, 109 Pa. 235; *Drennan's Appeal*, 118 Pa. 176, 188, 12 A. 348, 351; *Rogers' Estate*, 245 Pa. 206, 208, 91 A. 351; *Ycity's Estate*, 90 Pa. Superior Ct. 130. But the rule is otherwise in regard to real estate, for, while the absence of a gift of the remainder may be some in-

dication of a purpose to give to the first taker the estate in fee, this is by no means controlling, and the mere absence of a limitation over, where real estate is given for life, does not enlarge the estate to a fee simple: *Reynolds's Estate,* 175 Pa. 257, 34 A. 624; *Nevins's Estate,* 192 Pa. 258, 43 A. 996; *Shaner v. Wilson,* 207 Pa. 550, 56 A. 1086; *McCullough's Estate,* 272 Pa. 509, 116 A. 477; *Schaaf v. Politowski,* 276 Pa. 31, 119 A. 748; *Rupp v. Stevens,* 297 Pa. 448, 147 A. 101. While these principles are merely rules of construction in aid of discovery of the testator's intention and accordingly give way in the face of a contrary intention indicated by the will (see opinion of Judge, now Mr. Justice, STEARNE in *Roberts' Estate,* 26 D. & C. 307, 312), there is no doubt in the present instance as to the intention of testatrix, because in a codicil she withdrew what she terms her "restriction" to the sale of *another* property which she owned at 366 E. College Street, Meadville, and left it "free to be sold any time my daughter wishes to do so after it passes into her possession"; she made no such change in her will in the case of the Penn Street property.

It is thus clear that Mrs. Nelson took only a life estate under her mother's will. But the judgment of the court below must nevertheless be affirmed because of the additional circumstance that Mrs. Norris left neither a spouse nor any descendants her surviving other than Mrs. Nelson, who, therefore, under the intestate laws, succeeded to the title in remainder which was not disposed of by testatrix in her will. Accordingly, whatever was lacking of totality in the title passing by virtue of the devise was supplied by her inheritance as her mother's sole heir, and no other person had, or could have, any right, title or interest in this property. Plaintiff can therefore convey a good and marketable title to defendants.

Judgment affirmed.