## Tyson's Estate.

*Life estate—Remainderman—Widow—Power of consumption.*

Where a testator gives to his wife his whole estate "to have the same and use it at pleasure for her sole use" with remainder of the residue over to kindred, a debt contracted by the widow after testator's death for work on a farm which was part of the estate, cannot be allowed after the death of the widow against the estate, where there is no evidence that the debt was incurred for the maintenance of the widow, or that it could not have

been paid out of the profits of the farm. In such a case the part of the husband's estate which the widow did not convert to her own use in her lifetime was not hers to control or dispose of. She had no authority to incumber that which passed to the remaindermen at her death.

Argued Dec. 8, 1903. Appeal, No. 82, Oct. T., 1903, by John E. Evans, from decree of O. C. Montgomery Co., in not sustaining claim of appellant, in estate of Charles Tyson, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that John E. Evans claimed $496, being the principal of a judgment recovered by him against the estate of Mary Tyson, the widow of Charles Tyson. Payment from the husband's estate was sought upon the ground that the debt was contracted by the widow for wages due Evans as farm hand and laborer upon the farm whereon Charles Tyson and his wife lived at the time of his death, and which she occupied thereafter.

Charles Tyson by his will directed as follows :

" In case I should depart this Life before my wife Mary I give and bequeath unto her the whole of my estate Real and Personal and to have the same and use it at pleasure for her sole use as fully largely and amply to all intents and purposes as I myself could or might have done in my Lifetime with full power at any time to sell or dispose of any part or the whole of the same and also power and authority to collect all outstanding monies of whatsoever nature or kind and to be exclusively for her use and disposuel and also for the selling of any personal property or transferring of any stock of whatsoever nature or kind, and to do all and whatsoever may be necessary to be done in the selling and transferring of any stock or personal property and to vest full title thereof in the purchaser or purchasers.

" If may wife Mary should think at any time that it would be to her advantage to sell any part or the whole of my Real estate during her nateural Lifetime, she can do so, either at public or private sale and make and execute good and Lawful deed or deeds of conveyance to the purchaser or purchasers theirof, to be as valued good and as effectual in Law as if I

had made and executed the same in my Lifetime and to vest full title in the purchaser or purchasers theirof and my wife Mary shall have the proceeds of such sale at her own desposuel."

Testator further directed that after his wife's death his executors should sell whatever remained of the personal and real estate, and divide the proceeds among certain relatives of his own and of his wife.

The court in an opinion by Solly, P. J., refused to allow the claim.

*Error assigned* was in refusing to allow the claim.

*Henry Freedley*, with him *E. L. Hallman*, for appellant, cited: Luckenbach v. Luckenbach, 175 Pa. 484; Graham v. Heidrick, 204 Pa. 238.

*William F. Dannehower*, with him *Montgomery Evans*, for appellee.

Opinion by Henderson, March 14, 1904:

It was decided by the Supreme Court in Tyson's Estate, 191 Pa. 218, in which the interest of the widow under the will was considered, that the testator's " intention was to give her so much, and only so much, though possibly amounting to the whole, as should be necessary for her own comfort and enjoyment of life, and the residue, be it much or little, was to pass under his will." Under this construction of the will, it is clear that none of the estate of the widow passed to the administrator de bonis non, etc., of Charles Tyson under the decree of the orphans' court of April 2, 1900. It appears moreover from the answer of the executors of Mary Tyson in that proceeding that her small personal estate was exhausted for expenses of administration and other purposes before the decree referred to was entered. The fund for distribution in this proceeding was therefore a part of the estate of Charles Tyson devised and bequeathed in remainder. The appellant's claim was on a note against Mary Tyson. He alleges that the claim which he holds against her estate was for wages due him for work on the farm, in which Mrs. Tyson had a life estate under her husband's will.

Conceding that such was the consideration for the indebtedness, we are not persuaded that the estate of Charles Tyson was liable therefor. If his estate can be charged at all in this proceeding, it can only be because the claim presented was for a consideration necessary for the comfort and enjoyment of life of Mrs. Tyson. She certainly had no authority to contract indebtedness for which the estate of her husband would be liable unless such indebtedness was created for her reasonable maintenance. The learned judge of the court below has found that there was no evidence that the claim presented was incurred for such maintenance. It is not sufficient to show that the liability was incurred in carrying on the farm. The widow was not authorized by the terms of the will to engage in that or any other business and charge the expense of such business to the remainder men. It has not been shown that the management of the farm involved a loss, or that for any reason the cost of the work done thereon could not have been paid out of the profits of the business. It certainly will not be contended that Mrs. Tyson might use the products of the farm for other purposes than her comfortable support and leave the expense involved in the procuring of such products to be paid out of the estate of the persons in remainder. That part of her husband's estate which she did not convert to her own use in her lifetime was not hers to control or dispose of. She had no authority to incumber that which passed to the remaindermen at her death.

The full and careful consideration of the case by the learned judge of the court below renders further discussion unnecessary.

The decree is affirmed.