## Rosengarten's Estate.

*Executors and administrators—Decedents' estates—Power of sale—Power to confess judgment—Judgment.*

An executrix who is given a life interest in real estate, and an unrestricted power of sale of all the real estate of a decedent, has no power to bind the real estate by the confession of a judgment, and particularly for a claim, which has, by lapse of time, lost its statutory lien upon the real estate.

Argued Dec. 6, 1905.   Appeal, No. 71, Oct. T., 1905, by Clara Rosengarten, from decree of O. C. Schuylkill Co., July Term, 1904, No. 41, dismissing exceptions to adjudication in Estate of Henry Rosengarten, deceased.   Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Exceptions to adjudication.   Before DUNN, P. J.
The opinion of the Superior Court states the facts.

*Error assigned* was decree disallowing the judgments and dismissing exceptions to the adjudication.

*Charles R. Breckons*, for appellant.—An absolute and unrestricted power to sell includes a power to mortgage : Zane v. Kennedy, 73 Pa. 182 ; McCreary v. Bomberger, 151 Pa. 323.

In Sugden on Powers, page 447, it is held that " the execution of a power will be good, though it falls short of the full extent of the authority."   And in 4 Kent's Com., *148: " A power to appoint land has been held to be well executed by creating a charge upon it."

We believe that the decision of this court, in holding that a power of sale includes the power to mortgage, is based upon these principles, and that they apply with the same force and effect to a judgment as to a mortgage.

*A. W. Schalck*, for appellees.

OPINION BY BEAVER, J., March, 12, 1906 :

The question stated by the appellants for our consideration is, " Has an executrix, who is given a life interest in real es-

tate, and an unrestricted power of sale of all the real estate of a decedent, power to bind the said real estate by the confession of a judgment?" In order to state the question fully it is necessary to add, for a claim which has, by lapse of time, lost its statutory lien upon said real estate.

From the facts, as found by the court below and stated in its opinion, Henry Rosengarten, the decedent, whose estate was distributed, died May 10, 1893. At the time of his death he was indorser for one of his sons upon two several notes held by the Miners' National Bank of Pottsville. After the death of the decedent, these notes were renewed from time to time by William Rosengarten and Elizabeth Rosengarten, widow of the decedent, until 1899, when they were further renewed by the maker and Elizabeth Rosengarten who signed as an individual and also in her capacity as executrix. A judgment was confessed by the executrix on December 26, 1899, for the amount of these notes, and the assignee of that judgment claims it out of the fund arising from the sale of the real estate of the decedent, under proceedings in partition.

The claim of the appellants is that the executrix, having an unrestricted power of sale, secured thereby the power to mortgage, and that the confession of a judgment is the exercise of no greater power.

That an absolute and unrestricted power to sell includes a power to mortgage is well settled in Pennsylvania: Lancaster v. Dolan, 1 Rawle, 231, in which Chief Justice Gibson says: " But a power to sell implies a power to mortgage, a mortgage being a conditional sale. And it would seem, for the same reason, that the power to charge will not imply a power to mortgage." See also Zane v. Kennedy, 73 Pa. 182 ; McCreary v. Bomberger, 151 Pa. 323.

If a power to charge will not carry an implication of a power to mortgage, how much less will an implied power to mortgage support an implied power to charge? An implication founded upon an implication is much like a presumption drawn from a presumption, which cannot be : 6 P. & L. Dig. of Dec. 10,329. The confession of a judgment by the executrix, therefore, was not in our opinion in any sense an exercise of the power to sell granted by the will.

In the late case of Bowman v. Knorr (No. 2), 206 Pa. 272,

it was held, that: "A judgment obtained on an action against an executrix, begun more than five years after the death of the decedent, is not a lien on the decedent's real estate, and is, therefore, not entitled to participate in the distribution of a fund arising from the sale of such real estate." In what better position is a judgment against the estate of the decedent, upon a claim which has lost its lien upon the real estate, secured by confession by the executrix?

By accepting the indorsement of the decedent's widow and carrying the notes of the son in that manner for a period exceeding five years, the time limit under the act of 1834 which governs in this case, the bank released its lien upon the real estate of the decedent, and its assignee, who was the claimant in the distribution in the court below, stands, of course, in no better position than the assignor.

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellants.