# Terppe's Estate.

*Will—Power of appointment—Exercise of power—Direction to pay
debt—Devise.*

Where a widow having a life estate under her husband's will with
testamentary power over the corpus of the estate, and also having a
separate estate of her own, directs in the first clause of her will that all
her debts should be paid, and devises in the residuary clause to an
adopted son of her husband certain real estate which was a part of the
estate of her husband, but charges it with incumbrances existing on it
at the time of her death and with certain legacies left by her will, such
real estate is not charged with the testatrix's own debts.

Argued Feb. 25, 1909.   Appeal, No. 48, Jan. T., 1909, by
R. L. Levy, from decree of O. C. Lackawanna Co., dismissing
exceptions to confirmation of sale in Estate of Julia Terppe,
deceased.   Before FELL, BROWN, POTTER, ELKIN and STEW-
ART, JJ.   Reversed.

Exceptions to confirmation of sale.   Before SANDO, P. J.

From the record it appeared that the real estate in question
was a portion of the estate of Frederick L. Terppe, who died in
1905.   The will of Terppe provided, inter alia, as follows:

"Third. I give, devise and bequeath unto my beloved wife, Julia Terppe, all the rest, residue and remainder of my property, real, personal or mixed, wherever or however situated or located at the time of my death, she to have, hold, use and enjoy the same and all the income therefrom, less taxes and charges thereon, for and during the term and period of her natural life, and further as to the remainder and fee simple of said property, I give, devise and bequeath to said beloved wife, Julia, the sole right, and I so direct, of disposing of said property by her last will and testament, to whomsoever and howsoever and upon such terms and conditions as to her shall seem best at time of making her will.

"Fourth. Should my said wife, Julia, neglect or refuse to dispose of the remainder of said property by her last will and testament, in that event I give, devise and bequeath the same absolutely in fee simple to my beloved adopted son, William Frederick Terppe."

Julia Terppe died on October 25, 1907. She made a will dated February 3, 1906, the material portions of which are as follows:

" 2. I direct that all legal debts owing by my estate be paid by executors hereinafter named. . . .

"10. I give, devise and bequeath to Miss Lizzie Terppe, of Philadelphia, Pa., . . . . and in addition thereto I give, devise and bequeath to her the sum of $3,000, to be paid from my estate, whether real, personal or mixed . . . .

"11. To my beloved son, Frederick William Terppe, the adopted son of my late husband, Frederick L. Terppe, I give, devise and bequeath all the rest, residue and remainder of my property, real, personal and mixed, located and situated wheresoever or howsoever the same may be at the time of my decease, and subject to the above devises and legacies, he to have, hold, use and enjoy the same absolutely for himself, his heirs and assigns, in fee simple forever. But suggesting in this connection in the way of advisement to him, that it is my wish in accepting the said real estate he shall continue to conduct the drug business as now conducted on the property left me by my late husband, Frederick L. Terppe, for and during

at least the period of ten years from the date of my decease, and that during this period of time he shall pay whatever incumbrances may be left by me against the said estate, either by reason of liens against the same owing by me at the time of my death or by reason of the legacies and devises herein granted to other persons to be paid therefrom, and he shall not dispose of the said estate in any manner but conduct it in the way of business until such debts are all paid off and the property clear."

The drug store property which belonged to Frederick L. Terppe was sold under an order of court for the payment of the debts of Mrs. Terppe.

The purchaser objected to the confirmation of the sale on the ground that the real estate could not be sold to pay Mrs. Terppe's debts, and that therefore her executor could not make title.

The court dismissed the exceptions and confirmed the sale.

*Error assigned* was decree confirming sale.

R. L. Levy, with him *Sidney L. Krauss*, for appellant.— The intention of the testator is always to be determined by an examination of the entire will. Even the introductory clause of a will, which does not operate to dispose of any property, may be considered in order to ascertain the testator's intention where a clause is not clear: Schriver v. Meyer, 19 Pa. 87; Fox's App., 99 Pa. 382; Tyson's Estate, 191 Pa. 218; Woelpper's App., 126 Pa. 562; Yarnall's App., 70 Pa. 335.

Express words are not overcome by a doubtful implication inconsistent with an expressed intent: Cheetham v. Muhlenberg, 133 Pa. 309.

Where a testator in one clause of his will gives certain directions as to the disposition of a portion of his estate and by a subsequent clause makes another disposition of a part of such fund, the last clause will govern the distribution: White's Estate, 132 Pa. 17.

In the case at bar the testatrix, in disposing of this property, was merely exercising an appointive power, and it would

seem natural and reasonable that she intended to devise the property to her son, rather than to apply it to her own uses for the payment of her own debts. Had she been desirous of paying her own debts out of this property she might have so instructed her executors, but in the absence of a positive instruction to that effect it would seem to be the duty of the court to carry into effect her expressed intention as gathered from her will, rather than to divert the property to some other purpose under a strained construction of a technical term, which construction does not harmonize with her intentions and wishes as clearly expressed.

*John F. Scragg*, with him *Edward Merrifield* and *O'Brien, Kelly & Fitzgerald*, for appellee.—In case of a general power of appointment by will, a donee may appoint, for the benefit of his estate, so as to subject the property to liability for the payment of debts: Stokes's Est., 3 Pa. C. C. Rep.193; Horner's Est., 4 Pa. C. C. Rep. 189; Ingersoll's Est., 15 Pa. C. C. Rep. 19; Spencer's Account, 3 Del. County Rep. 341; Forsythe v. Forsythe, 108 Pa. 129.

Under the will of Frederick Terppe, his widow, Julia Terppe, took a life estate, with the testamentary power to dispose of it, which by implication enlarged her estate to a fee: Pennock's App., 20 Pa. 268; Dillon v. Faloon, 158 Pa. 468; Boyle v. Boyle et. al., 152 Pa. 108; May v. Joynes, 20 Grat. 692; McLean v. MacDonald, 2 Barb. 534; McDonald v. Walgrove, 1 Sand. Ch. 274; Benkert v. Jacoby, 36 Iowa, 273.

Opinion by MR. JUSTICE BROWN, April 19, 1909:

A second reading of the will of Frederick L. Terppe is not necessary to determine what interest in his estate passed under it to his wife, for it most clearly appears that he gave her but a life estate in his real and personal property, coupled with a power of appointment to dispose of it by will, and, upon her failure to exercise that power, he devised it absolutely to his adopted son, William Frederick Terppe. He gave to his wife the use and enjoyment of all of his property and "all the income therefrom, less taxes and charges thereon, for and

during the term and period of her natural life," and "as to the remainder and fee simple of said property," the right of disposing of it by will "to whomsoever and howsoever and upon such terms and conditions as to her shall seem best at time of making her said will." With the intention of Frederick L. Terppe thus clearly expressed, we turn to the will of his widow to ascertain from it whether she intended to blend with her own separate estate, for the payment of her debts, that portion of the appointed property which her executor sold under an order of court to the appellant. Her intention in exercising her power of appointment is to be gathered from her will, and as it there appears it must prevail.

By the second clause of the will of Julia Terppe she directs, "that all legal debts owing by my estate be paid by my executors hereinafter named as soon after my decease as conveniently can be done without detriment to my estate." Then follow eight clauses containing bequests of jewelry, books and other personal property and a legacy of $3,000. After making these bequests the testatrix gives all the rest of her estate, real and personal, to the adopted son. By the residuary clause she clearly intended to devise to him the drug store property which belonged to her husband's estate and which her executor sold to the appellant for the payment of her debts, for of this particular piece of property she says, "but suggesting in this connection, in the way of advisement to him, that it is my wish in accepting said real estate he shall continue to conduct the drug business as now conducted on the property left me by my late husband, Frederick L. Terppe, for and during at least the period of ten years from the date of my decease, and that during this period of time he shall pay whatever incumbrances may be left by me against the said estate, either by reason of liens against the same owing by me at the time of my death or by reason of the legacies and devises herein granted to other persons to be paid therefrom;" and then follows this peremptory direction: "He shall not dispose of the said estate in any manner but conduct it in the way of business until such debts are paid off and the property clear." The devise of the drug store property to the adopted son is under the power of ap-

pointment in the will of the husband of the testatrix. She had but a life estate in that property, and if she had not exercised the power of disposing of it by will, it would have gone absolutely to the adopted son. Her power to dispose of it by will was to be exercised upon such terms and conditions "as to her shall seem best at the time of making her said will." In exercising the power and devising the property she did not charge it with the payment of her debts, and it is, therefore, not liable for their payment. It was devised subject to the legacies in the eight preceding clauses of the will, and the devisee was requested that during the period of ten years from her decease he should pay whatever incumbrances were against the estate left by her husband and the legacy given by the testatrix. A further peremptory direction was that he should not dispose of it in any manner until the property was cleared—not from her general debts, but from what has just been stated. Our construction of the eleventh clause of the will of the testatrix, guided by her intention as we there read it, is that she gave the residue of her own estate to Frederick William Terppe, and, exercising her power of appointment, devised the real estate of her husband to the same devisee, subject only to the payment of certain legacies and of incumbrances which she had not placed upon it. The court, therefore, was without jurisdiction to direct this property to be sold for the payment of her debts.

The assignments of error are sustained and the decree confirming the sale is reversed, the costs on this appeal to be paid by the estate.