## Dohan's Estate.

*Collateral inheritance tax—Powers—Exercise of power of appointment.*

Where a daughter, who is a donee under a power of appointment in her father's will, shows no intention, in exercising the power, to make the appointed estate liable for her debts, funeral expenses or legacies, but, on the contrary, declares her intention that the only beneficiaries of the appointed estate shall be those taking under the residuary clause in her own will, the estate passing under such clause passes as the estate of the donor of the power, and if the residuary legatees are collaterals to the donor, the estate passing to them is subject to the collateral inheritance tax in force at the date of the death of the donor.

McCord's Estate, 276 Pa. 459, distinguished.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1892, No. 450.

From the record it appeared that Michael J. Dohan died on Oct. 24, 1891, leaving a will giving a power of appointment to his daughter, Mary Dohan Huneker, as to the estate left in trust for her benefit. Mary Dohan Huneker died on July 7, 1916, leaving a will, by which she left her residuary estate in trust for the benefit of her husband, John F. Huneker. The auditing judge (Gest, J.) allowed the Commonwealth's claim for collateral inheritance tax on the life estate passing to John F. Huneker on the ground that it passed as the estate of the donor of the power.

*Joseph M. Dohan,* for exceptions; *S. Horace Dawson,* contra.

GUMMEY, J., May 25, 1923.—The question being whether the will of the donee of the power of appointment given by the testator comes within the ruling laid down in McCord's Estate, 2 D. & C. 5, affirmed 276 Pa. 459, a comparison of the two wills is illuminating.

3 D. & C.

### Dohan's Estate.

Ella McCord, having a power of appointment under the will of her father, John D. McCord, provided, *inter alia*, as follows:

"I, Ella McCord, of the City of Philadelphia, do make and publish my last will and testament as follows:

"1. It is my intention by this my will to dispose not only of all estate and property which I own or hold in my own right, but also all over which I have any power of appointment and especially that devised or bequeathed by the will of my father, John D. McCord, and it is my further intention that the entire estate and property shall be administered by my executors hereinafter named for the purpose of carrying out the provisions of my will.

"2. I order and direct that my just debts and funeral expenses be paid by my executors.

"3. I give and bequeath absolutely the sum of one thousand dollars to each of my cousins. . . .

"4. I give and bequeath to my said executors the sum of five thousand dollars in trust to invest, . . ." etc.

And, after making a number of pecuniary bequests, she provided:

"17. All of the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my executors hereinafter named in trust to invest and keep invested and collect the income therefrom and pay the net amount of such income to my sister, Mary McCord Junkin, during her life," with remainder, etc.

The will of Mary Dohan Huneker, which gives rise to the present discussion, is quite different, as appears by the following recital:

"I, Mary Dohan Huneker, make this my last will and testament.

"Item I. I direct that all my just debts and funeral expenses shall be paid as soon as may be after my decease.

"Item II. I give and bequeath to my husband, John F. Huneker, all of my household goods and furniture, books, silver. . . .

"Item III. I give and bequeath to my friends, Mary and Isabella Elcock, the sum of two hundred and fifty ($250) dollars each.

"Item IV. I give and bequeath to my friend, Miss Julia Randall, the sum of three hundred ($300) dollars. . . .

"Item V. I give and bequeath to Saint Vincent's Maternity Hospital, now located at 70th and Woodland Avenue, Philadelphia, the sum of three hundred ($300) dollars.

"Item VI. Whereas, I enjoy the income from a part or share of my father's estate, and by the terms of his will I have the power of disposing by will of the principal of the share of his estate of which I enjoy the income, *I hereby declare my intention by this my will of exercising the power of disposition* aforesaid in the following manner and *as part of and designating the same as my residuary estate.*

"I give, devise and bequeath to the executors and trustees hereinafter named the whole of the rest, residue and remainder of my estate, real, personal and mixed, including that which I own in fee, or absolutely, as well as that over which I have a power of appointment, in trust as follows: To retain the investments in which my estate may be invested at the time of my death, *and to receive the income that may be paid under this my will from my father's estate* until the time of the distribution and settlement thereof, and thereafter to retain the investments that may be apportioned to and for the purposes of this my will, *under my said power of appointment,* and to reinvest in such securities, 'legal' or otherwise, as they may deem beneficial to the said fund, . . ."

### Dohan's Estate.

with provisions respecting the management of the trust and payment of the income not necessary to recite.

It is clear beyond possibility of contradiction that Ella McCord blended the appointed estate with her own for all purposes, including the payment of her debts and funeral expenses and of the legacies given by her will; while, on the other hand, it seems equally clear that the will of Mary Dohan Huneker shows no intention on her part to make the appointed estate liable for the payment of her debts, funeral expenses or the legacies bequeathed by the third, fourth and fifth items of the will, but, on the contrary, she declares her intention that the only beneficiaries of the appointed estate shall be those taking under the residuary clause of her will. If, after reading the first paragraph of Item VI, there remained any doubt as to her intention, it would be dissolved by the subsequent wording of the residuary clause, parts of which we have italicized, as of course the italics do not appear in the original.

Further discussion seems unnecessary. We agree with the finding of the auditing judge, which was, in effect, that the appointed estate passing under the residuary clause of Mrs. Huneker's will passed as the estate of the donor of the power, and, consequently, it follows that the life estate of her husband, John F. Huneker, is subject to the tax imposed upon it.

The cases cited by the auditing judge are directly in point: Huddy's Estate, 236 Pa. 276; Terppe's Estate, 224 Pa. 482; Com. v. Williams's Exec'rs, 13 Pa. 29; Fell's Estate, 14 Dist. R. 327.

The exceptions are dismissed.