## Stannert's Estate.

Argued May 20, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*A. J. White Hutton,* with him *Harold W. Houck* and *Albert Houck,* for appellant.

*Harry L. Siegel,* for appellee.

*Robert Stuckenrath,* for intervenor.

OPINION BY MR. JUSTICE BARNES, September 30, 1940:

The principal question upon this appeal is whether there has been a blending of the individual estate of testatrix with an estate over which she had a power of appointment, with the result that both estates are liable for the payment of her individual debts. Appellant seeks to subject certain realty belonging to the appointive estate to the lien of a judgment which it holds against testatrix.

Gruber H. Bell, of Lewistown, Mifflin County, the donor of the power of appointment, died on January 24, 1924, survived by his widow, Nettie J. Bell, and one child, Mary Bell Stannert. In his will he gave the residue of his estate to his wife for life, with the right to use a portion or the whole of the principal for her comfortable maintenance. Included in the residue were the three parcels of real estate, situate on Logan Street in Lewistown, which are involved in the present appeal. The will provided that the widow, as executrix, should have the right in her discretion to sell and convey the real estate, the proceeds of such sale to become part of the principal.

The testator devised and bequeathed the residue of the estate remaining at the death of the wife, to his daughter, Mary Bell Stannert, for her life, with the identical rights to use the principal for her maintenance, and to sell the real estate. The will then provides: "All the rest, residue and remainder of my estate remaining at the death of Mary B. Stannert, I give and devise to such person or persons as the said Mary B. Stannert may direct by her last will, and in the event that the said Mary B. Stannert fails to make any disposition of

said fund by will, then I give and bequeath the remainder at her death to my heirs at law then living."

Nettie J. Bell died on June 27, 1934, intestate, without having disposed of the real estate belonging to the Gruber Bell estate. Mrs. Stannert likewise elected not to convert the three properties, but occupied two of them as a residence and received the rents from the other until her death on September 27, 1936.

In her will, Mrs. Stannert directed that all her just debts be paid out of "my estate." In the second item, she bequeathed to her husband "all of his note indebtedness, *both to myself and the Estate of my Father,*" while in Item Third, after reciting her life estate with power of appointment under her father's will, she gave "the residue and remainder of the *estate of my father*" to a corporate trustee, for the education, maintenance and support of her son, William Bell Stannert, with power "when it deems it for the best interest of my estate" to convert the property and to reinvest the proceeds. The fifth paragraph contains the residuary clause, devising and bequeathing the balance of what she designates as *"my estate"* to the trustee, to be dealt with in the same manner and used for the same purpose as the appointive estate. Thereafter the will makes frequent reference to the "trusts" created, and to the "trust estates," and the same mode of ultimate distribution is provided for both the personal and the appointive estates.

The first account of the executor of the present estate showed a balance on hand as of July 30, 1938, in the amount of $1,665.71, exclusive of the appointive estate. On October 25, 1938, the petitioner, the Citizens National Bank of Lewistown, with other creditors, requested the court below to issue a citation directed to the executor to show cause why the real estate mentioned in the will of Gruber H. Bell should not be sold for the payment of Mrs. Stannert's individual debts.

Petitioner's claim against the estate is upon a judgment entered by confession on March 24, 1932, for the sum of $6,485 due upon a note executed by the decedent,

her husband, her mother, Nettie J. Bell, and the Bell-Stannert Petroleum Company, a partnership composed of the decedent and her husband. This note was one of a series originating in 1928, when the decedent and her mother borrowed $3,360 from petitioner, the proceeds being paid to Mrs. Stannert. This indebtedness was increased by successive notes, and the proceeds were received by the decedent, or by the partnership. It appears from the record that her personal estate is insufficient to pay petitioner's claim.

After a hearing in the court below it was held that the real estate in question had been appointed to the trustee free and clear of the debts of the decedent, and the petition for citation was refused. From this action the petitioner alone has appealed.

Petitioner's first contention is that the decedent, by her will, blended her own estate and the estate over which she had the power of appointment, so that both became subject to the payment of her debts. It is well settled that the mere exercise of the power of appointment would not have that effect in this State. The appointee of the estate takes by virtue of the will of the donor of the power, and not through the donee. See *Huddy's Est.*, 236 Pa. 276; *Hagen's Est.*, 85 Pa. Superior Ct. 123, affirmed 285 Pa. 326. In the latter case, President Judge KELLER said (p. 126): "Under a general power of appointment, the donee and appointor may, however, make such an exercise of the power as virtually to amount to a gift of the fund to his own estate, thus subjecting it to the payment of the donee's own debts. . . . But such an intent must be plainly expressed or clearly implied from the appointment." As we said in *Terppe's Est.*, 224 Pa. 482, 486: ". . . we turn to the will . . . to ascertain from it whether she intended to blend with her own separate estate, for the payment of her debts, that portion of the appointed property which her executor sold under an order of court. . . . Her intention in exercising her power of

appointment is to be gathered from her will, and as it there appears it must prevail."

We find no expression or implication of an intention to blend her estates in the will of Mrs. Stannert. The direction in Item I that her debts be paid "out of my estate," without mention of the appointive estate, must be construed to refer only to her individual estate in the absence of a contrary intention elsewhere manifested. See *Valentine's Est.*, 297 Pa. 99; *Miller's Trust*, 313 Pa. 18. In *Penna. Co. for Ins. on L. and G. A. Acc't.*, 264 Pa. 433, upon which petitioner relies, such a direction was followed by a single residuary clause effecting an exercise of the power of appointment without specific mention thereof, and blending the appointive estate with the individual estate of the donee.

The fact that the decedent in the present case disposed of her own and her father's estate in the same manner, and upon the same trusts, is not indicative of an intention upon her part to blend them for all purposes: *Valentine's Est.*, supra, at p. 102. Throughout the various provisions of the will the decedent clearly distinguished the two estates, referring to the one as "the estate of my father," and to the other as "my estate." The single exception is in Item III where she authorized the trustee to convert the appointive estate at its discretion in the interest of "my estate." As it is clear that the words were here used to mean the trust estate created in that Item, which petitioner concedes, this slight inconsistency cannot overcome the manifest intention of the decedent to treat the two estates separately. This is further illustrated by her significant use of the plural in mentioning the "trusts" and "trust estates" created for the benefit of her son.

We are therefore of opinion that there is no blending of the appointive estate with the individual estate of the decedent in her will. As this is clear from the language of the will itself, the court below properly excluded extrinsic evidence of her intention. See *Hartman's Est. (No. 1)*, 320 Pa. 321, 329.

Nor do we find greater merit in petitioner's second contention, namely, that the real estate in question was subject to the lien of the judgment entered by confession in 1932 against the decedent and her mother because each in her lifetime had the power to consume the principal of the residuary estate of Gruber H. Bell. In view of the fact that the judgment debt was incurred during the lifetime of Mrs. Bell, and before the decedent had acquired the status of a life tenant of the residuary estate of her father, it is difficult to comprehend how her confession of judgment could constitute a consumption of principal by her.

Neither Mrs. Bell nor the decedent enjoyed an unlimited power to consume the estate, and their use of the principal during their respective lives was restricted to a provision for their "comfortable maintenance." In the absence of proof, therefore, that the loans made by petitioner were for the maintenance of either of the life tenants, the debt could not be charged against property now in the hands of the trustee for the remainderman. See *Tyson's Est.*, 24 Pa. Superior Ct. 533.

It appears from the record that these loans were made for the benefit of the business conducted by the decedent and her husband, and not for her maintenance and support. Mrs. Bell received no part of the proceeds for her own use, and she clearly had no power to consume the principal of the estate for any other purpose. Although both Mrs. Bell and the decedent were authorized under the will of Gruber H. Bell to sell the real estate, they had no power to subject to the lien of petitioner's judgment that which remained unconverted by sale at their deaths. An unlimited power of sale includes the power to mortgage the real estate, as petitioner contends (see *McCreary v. Bomberger,* 151 Pa. 323), but this is so only because such mortgages are regarded as conditional sales of the realty for this purpose. A confession of judgment, on the other hand, obviously does not constitute a sale in any form of specific real estate, and the decedent and her mother had no power to encumber the real prop-

erty of the estate by the lien of such a judgment. See *Rosengarten's Est.*, 30 Pa. Superior Ct. 244.

The decree of the court below is affirmed; costs to be paid by appellant.