## McCaleb Estate

*Mark T. Milnor*, for accountant.
*Paul R. Hutchison*, for petitioner.

RICHARDS, P. J., October 25, 1948.—William S. B. McCaleb, in his lifetime, designated the Capital Bank & Trust Company trustee of a life insurance trust. The trust instrument provided, inter alia, that an income should be paid to Spencer Baird McCaleb, son of assured, for life. Upon the death of said son, the balance of the son's share of the trust is to be paid to such person or persons as the son may by his last will appoint. In default of appointment the balance is given to the next of kin of the son.

William S. B. McCaleb died on January 25, 1947. His will created, inter alia, a testamentary trust for the above son, with appointing powers substantially

like those mentioned in the insurance trust. The Capital Bank & Trust Company was made testamentary trustee of this trust.

Spencer Baird McCaleb died on December 15, 1947. Letters testamentary on his estate have been issued to Paul L. Hutchison, of this bar.

Since the death of this son terminated the trusts for his benefit, the trust company filed accounts as trustee in both the insurance trust and the testamentary trust. The executor has asserted that the son by will executed the power of appointment given him by the two trust instruments, and has requested that the appointed funds be awarded to him in the first instance. The trustee has submitted the matter to the court for determination.

## Discussion

The court and counsel on both sides are in accord that the power conferred upon the son to appoint the balance of the trust funds was a general power of appointment. We are likewise in accord that under the statutory provisions and relevant decisions the power was exercised by the son in his will. We shall not, therefore, cite any authorities on these two points.

Proceeding to the other aspects of the case, we shall review some pertinent phases of the law.

The exercise of a general power of appointment does not, as a rule, make the appointed estate assets for the payment of the debts of the donee: Terppe's Estate, 224 Pa. 482; Huddy's Estate, 236 Pa. 276.

Where the donee directs payment of his debts and blends his own estate with the appointed estate, the appointed estate is subject to the claims of creditors of the donee. In such cases it is proper to award the appointed funds to the personal representative of the donee, rather than directly to the appointees: Kates' Estate, 282 Pa. 417; Curran's Estate, 312 Pa. 416.

A direction in the will of the donee to pay his debts without mention of the appointive estate, followed by a residuary clause disposing of what remains of the donee's estate and of the appointive estate, does not bring about a blending: Valentine's Estate, 297 Pa. 99.

In cases where there is doubt as to the blending, the award should be to the personal representative of the donee: Mitchell's Estate, 7 D. & C. 387; Booth's Estate, 8 D. & C. 116; Curran's Estate, 312 Pa. 416.

Consideration of these authorities would seem to indicate that generally an appointed estate should be awarded directly to the appointees. But when the donee has directed the payment of his debts and has blended his own estate with the appointed estate, the award should be to the executor of the donee. When there is doubt as to the blending or merging, the creditors of the donee have a right to be heard. They may be heard at the audit of the executor's account, hence the question of blending will be deferred until that time.

However, it seems to us, it should appear that the creditors will be affected by the decision on the blending. Should the donee's own estate be adequate to pay all creditors in full, we do not see how they would be affected. There will be no residue to dispose of under the donee's will until all creditors are paid in full. Consequently, we feel that the executor's claim for the appointed funds should be based upon the need of such funds to pay creditors. In the present case, the record contains nothing to indicate that the individual estate of the donee is inadequate to pay his debts. Awarding the appointed funds to the executor, when unnecessary to meet the demands of creditors, might result in subjecting said funds to a claim for commissions. This, it strikes us, would be improper unless his custody of the fund is necessary to protect creditors. It would, in effect, penalize the appointees without purpose.

We shall, therefore, defer action on the request of the executor until he has shown at least a prima facia need for the appointed funds to pay creditors.

### Decree

And now, to wit, October 25, 1948, the request of the executor of the estate of Spencer Baird McCaleb, to have awarded to him the appointed funds held by the Capital Bank and Trust Company, trustee under the last will and testament of William S. B. McCaleb, and under the insurance trust created by him, is refused for the present.

The executor is granted 30 days from this date to show the necessity of awarding the appointed funds to him for the protection of creditors. Determination of the blending is deferred pending developments.

Should no action be taken within 30 days the matter will be deemed concluded, and the funds in the hands of the trustee awarded to the persons to whom they were appointed.