### Reiter et ux. v. Department of Public Assistance, etc.

*W. Albert Ramey,* for plaintiffs.
*Bell, Silberblatt & Swoope,* for defendant.

PENTZ, P. J., March 26, 1954.—Lawrence W. Reiter and Betty Jane Reiter presented a petition under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, et seq., first, to determine whether, under the will of Roger S. Schnarrs, deceased, a life estate with power to consume was devised to his wife, Sarah R. Schnarrs; and second, whether or not a lien of the Department of Public Assistance of the Commonwealth of Pennsylvania, entered against Sarah R. Schnarrs, a widow, would be a valid lien on real estate left in possession of the life tenant passing under the will of decedent to the remaindermen, and purchased by plaintiffs from the remaindermen after the death of the widow, Sarah R. Schnarrs.

This matter was argued and on February 4, 1954, and by opinion filed, judgment was entered against defendant, declaring the real estate purchased by plaintiffs clear of the Department of Public Assistance lien, entered against Sarah R. Schnarrs.

Following entry of this judgment, defendant presented a petition requesting reargument, which was granted, and the matter was reargued again on March 11, 1954, and brief submitted. At the reargument the only question for consideration was whether or not the judgment of the Department of Public Assistance, entered against the life tenants of the real estate, Sarah R. Schnarrs, became a lien as against the remaindermen who had sold the property to plaintiffs, petitioners in the proceeding under the Uniform Declaratory Judgments Act.

Sarah R. Schnarrs was unquestionably, under the will of her husband, Roger S. Schnarrs, a life tenant of the real estate devised in decedent's will, with power to consume, and the widow, Sarah Rauch Schnarrs, did enter into an assistance agreement with the Department of Public Assistance of the Commonwealth of Pennsylvania, upon which a judgment was entered

against Sarah Rauch Schnarrs on June 12, 1950, to August term, 1950, no. 262, during the lifetime of Sarah Rauch Schnarrs, who died thereafter on February 13, 1953.

Subsequent to the death of Sarah Rauch Schnarrs the remaindermen, the children of testator, sold the real estate remaining after the death of the widow, the life tenant, to plaintiffs.

The question to be determined was whether or not the judgment of the Department of Public Assistance is a lien against the real estate, binding the remaindermen and, of course, a lien on the land as purchased by plaintiffs herein.

In deciding the judgment of the Department of Public Assistance was not a lien binding the remaindermen, the court relied upon Stannert's Estate, 339 Pa. 439; Tyson's Estate, 24 Pa. Superior Ct. 533, and Rosengarten's Estate, 30 Pa. Superior Ct. 244.

In all of these three cases, except Stannert's Estate, the life tenant had unlimited power of consumption, and in all of them a judgment was entered against the life tenant during the life tenant's lifetime and were declared not to be liens upon the real estate so as to be binding upon the remaindermen. However, it was pointed out in Stannert's Estate that the judgments entered against life tenant were not supported by any evidence that the judgments were to secure advances to the life tenant for maintenance and support; the same is true in Tyson's Estate. In Rosengarten's Estate the lien of the judgment entered against the life tenant had expired prior to the death of the life tenant, and there was a proceeding to revive and continue the lien thereof as against the remaindermen. Nothing was said in the opinion of the Superior Court about the lien being given to secure advances for the support and maintenance of the life tenant, the scire facias to revive and continue the lien was discharged on the

ground that a judgment is not a sale. It also was pointed out that the lien of the judgment had expired prior to the death of the life tenant.

The Department of Public Assistance in rearguing submits the opinion of Judge Fortney, of the Common Pleas Court of Northumberland County and the opinion of Judge Mays of Berks County. Neither of these opinions are available in any reports carried in Clearfield County.

The opinion of Judge Fortney of Northumberland County, Umstead v. Umstead, reported in 34 Berks 78, was cited and followed in Department of Public Assistance v. Lloyd et al., 23 Northumb. 102, and the same legal situation occurred in both these cases as we have in the case at bar.

It is quite obvious that the judgment entered against the life tenant, Sarah R. Schnarrs, to August term, 1950, no. 262, in the Court of Common Pleas of Clearfield County, was given to secure moneys advanced to her by the Department of Public Assistance, for her maintenance and support, all of this being set forth in some detail in the reimbursement agreement signed by the life tenant and containing the warrant of attorney to confess judgment against her for the sum of $2,000 or for such amount as might be advanced for her support and maintenance, upon which the judgment was entered.

In the cases of Northumberland and Berks Counties similar reimbursement agreements were executed and judgments entered and were held as binding liens upon the real estate passing to the remaindermen.

The cases cited from the Superior and Supreme Courts indicated, but did not specifically say, that had the judgments in those cases been given to secure advances for the support of the life tenant, the lien could have been sustained as against the remaindermen. The Courts of Northumberland and Berks Counties

so decided, based upon Edwards et al. v. Newland, 271 Pa. 1, and Anderson's Estate, 28 Dist. R. 327, and bear out the obvious inference deducible from Tyson's Estate, Stannert's Estate and Rosengarten's Estate, supra.

*Judgment*

Now, March 26, 1954, the order, judgment or decree of court entered February 4, 1954, having been opened, is hereby set aside and judgment is entered as follows:

1. The will of Roger S. Schnarrs creates a life estate in the widow, Sarah Rauch Schnarrs, with power to consume and remainder to the seven children named.

2. The judgment of the Department of Public Assistance, entered to August term, 1950, no. 262, against Sarah Rauch Schnarrs, filed June 12, 1950, is a lien against the three tracts of land conveyed to Lawrence W. Reiter and Betty Jane Reiter, described as follows:

"The First Thereof: Beginning at the Southwest corner of Potter and Water Streets; thence Southerly, 180 feet along Potter Street to an alley; thence along said alley Westerly 60 feet to Lot No. 44; thence Northerly along line of Lot No. 44, 180 feet to Water Street; thence Easterly with Water Street 60 feet to place of beginning.

"The Second and Third Thereof: Beginning at a stake at the Northwest corner of Potter and Water Streets; thence along the North side of Water Street South 80 degrees 15 minutes West, 180 feet to a stake; thence along residue of grantors land, North 9 degrees 45 minutes West 106 feet to a stake, at South side of township road; thence along said road North 74 degrees 35 minutes east,     feet to a stake; thence along same South 73 degrees 35 minutes East, 121 feet and three tenths of a foot, to a stake at the West side of Potter Street; thence along Potter Street South (°45 minutes East 59 feet and five tenths of a foot to stake and place of beginning. Area 18,823 feet."

Lawrence W. Reiter and Betty Jane Reiter take the three pieces of land under and subject to the lien of the judgment of the Commonwealth of Pennsylvania, Department of Public Assistance v. Schnarrs, to August term, 1950, no. 262.