**Wood Estate**

*C. Leo Sutton,* for accountant.

*Harold E. Kohn, P. A.,* by *Bayard M. Graf,* for appointees.

*John D. Dunmire, David M. Jordan* and *John F. Meigs,* of *Saul, Ewing, Remick & Saul,* for claimants.

*Robert J. Butera,* guardian and trustee ad litem.

TAXIS, P. J., November 16, 1973.—The account and supplement thereto of Girard Trust Bank, surviving trustee, were examined and audited by the court on October 3, 1973.

The account has been filed because of the death of Helen Elise Wood Anderson Gaynor Foley, hereinafter called Helen E. W. A. G. Foley, life tenant, on January 4, 1972. The trust for her terminates and principal is now distributable.

The accounts show a net balance of principal and income for distribution of $237,934.96, composed of the securities set forth on pages 2 and 3 of the account, and cash.

The transfer inheritance tax assessed has been paid but should any portion pass to collateral heirs, additional tax will become due.

A number of debits and credits subsequent to the preparation of the account have been incurred, and shall be reflected in the schedule of distribution hereinafter directed to be filed.

Certain questions concerning distribution of the principal of the present trust for Helen E. W. A. G. Foley have arisen and require determination by this court. Richard G. Wood, the decedent, died on June 30, 1931, and by Item Sixth(a) of his will left one-sixth of the residue of his estate in trust for the benefit of his son, Richard G. Wood, Jr., who died May 6, 1965,

and decedent's grandchildren, namely, Richard G. Wood, 3rd, Marie Louise Wood Townsend and Helen E. W. A. G. Foley. In subsection (b) of Item Sixth testator gave each of his three grandchildren an equal share of the income for life and then provided:

". . . and from and after the decease of said grandchildren respectively, to pay over, assign and convey the principal of which he or she would have been entitled to receive the income if living, in such way as he or she may by will direct, limit and appoint."

Helen E. W. A. G. Foley, in a will dated September 8, 1959, provided in Item Tenth of her will as follows:

"TENTH: All the rest, residue and remainder of my estate, real, personal and mixed whatsoever and wheresoever situate, of which I shall die seized or possessed or of which I shall be entitled to dispose of at the time of my death under any power of appointment which I may have, I give, devise and bequeath to my sons WILLIAM M. ANDERSON, III, RICHARD GILPIN ANDERSON and CHARLES CLUCAS ANDERSON in equal shares, share and share alike, absolutely and forever."

Helen Foley's estate was adjudicated by this court on July 9, 1973, and determined to be insolvent. The question now is whether unpaid creditors of a donee (Helen E. W. A. G. Foley) are entitled to be paid out of the appointive estate.

A second question arises as to whether the unpaid legacies provided for in Helen Foley's will are payable out of the appointed fund. Only two claimants appeared at the time of audit in the Helen E. W. A. G. Foley Estate, namely, Jean B. Green, Esq., for a counsel fee of $750, and the Commonwealth of Pennsylvania for care at the Norristown State Hospital in the sum of $891.99. All other claimants and creditors who

failed to appear at the Helen E. W. A. G. Foley audit have failed to preserve their claims and are not now cognizable in this proceeding.

In finding the Helen E. W. A. G. Foley Estate insolvent, the account in that case showed that Helen Foley's assets consisted solely of income accrued to · the date of her death from this trust and a similar trust under the name of M. Louise Wood subject to the jurisdiction of the Philadelphia Orphans' Court. There is little doubt but that Mrs. Foley effectively executed the power of appointment given her by her grandfather, this testator, by making specific reference thereto in Item Tenth of her will and appointing her share of principal to her three sons.

The question whether creditors have any rights in the appointive estate depends upon whether the donee, in fact, blended the appointive estate with her own estate. The question, therefore, becomes whether she, in fact, blended the two. It is the essence of blending that separate things that have been mixed and, therefore, cannot be distinguished. Anderson Estate, 373 Pa. 294, so closely resembles and rules the present case as to warrant further review. In Anderson Estate, supra, the decedent directed the payment of his just debts and funeral expenses and in a subsequent paragraph directed his executors " 'to divide all the rest, residue and remainder of my estate . . . , including such property over which I shall be given the power of appointment . . . into six (6) equal parts, and I give, devise and bequeath one of said equal parts unto each of my following children [naming them].' " This testamentary language is quite similar to that used by Mrs. Foley in her will of September 8, 1959. The Supreme Court held that the real test in Pennsylvania is whether testator "treated his individual residuary estate and the trust estate as one for all purposes,

manifesting an intention to commingle them generally or whether he intended to blend the trust estate with his own 'for certain limited purposes, one of which was for the purpose of distribution to named legatees . . .' " The court went on to say that:

"The intention of this testator is clear from the language of his will, i.e., his just debts and funeral expenses are to be paid out of his own individual estate and all the rest, residue and remainder of his estate, together with his wife's estate over which he had a power of appointment, is to be paid to or held for their children in equal shares; in other words, he wanted the mother's estate to go to her children and not to his creditors. Reason and authority likewise support this construction.

" 'The mere fact that the appointed estate is given to the same persons who take the residue of a testator's individual estate is not the test to be applied in determining whether there has been a blending of the two estates, but the real test under our line of decisions is whether the testator has *treated the two estates as one for all purposes* and manifested an intent to commingle them generally': Hagen's Estate, 285 Pa. 326, 331, 132 A. 175.

" ' "Under a general power of appointment, the donee and appointor may, . . . make such an exercise of the power as virtually to amount to a gift of the fund to his own estate, thus subjecting it to the payment of the donee's own debts. . . . *But such an intent must be plainly expressed or clearly implied from the appointment:*" ' Stannert's Estate, 339 Pa. 439, 442, 15 A. 2d 360. See also Shipley's Estate, (No. 2), 337 Pa. 580, 12 A. 2d 347." (Italics in original.)

The court concludes that Helen E. W. A. G. Foley did not so blend these two estates. She clearly maintained the distinction between her own residuary

estate and the assets in her grandfather's estate when, in Item Tenth, she gave her residue and then provided "or of which I shall be entitled to dispose of at the time of my death under any power of appointment which I may have . . . ," to her three sons. The exercise of a general power of appointment does not make the appointed estate assets for the payment of the debts of the donee: Miller's Trust, 313 Pa. 18. Cf. Kate's Estate, 282 Pa. 417; Terppe's Estate, 224 Pa. 482. The court concludes, therefore, that since there was no blending, creditors of the donee have no claim against the assets representing the appointive estate.

Counsel for Mr. Green presented an ingenious argument, summarized in his brief as follows:

". . . an unusual circumstance is revealed. The letter of notice addressed by accountant's counsel, dated August 20, 1973, refers to the decedent Foley's last will as that dated September 8, 1959, and quotes Item Tenth thereof. In earlier correspondence with accountant, the present claimant surrendered to accountant the original of a duly executed will of Helen Elise Wood Gaynor, dated February 12, 1964. This will was subsequently lodged with the Register of Wills of Montgomery County under cover of a letter from accountant dated March 8, 1972, . . .

"The 1964 will was executed at a time when the decedent was amply aware that her personal estate was of modest proportions. She was equally aware that her appointive estate might well be substantial . . .

"Claimant is not presently aware of all of the provisions of the 1959 will, which, at least, made a simple outright residuary bequest, rather than the elaborate trust provisions of the 1964 will. Quite possibly, under the 1959 will, it would be difficult to make out a case for blending.

"However, claimant submits that under the decedent's circumstances in 1964, the document which she had prepared and executed on February 12, 1964, is meaningless unless the decedent intended to complete blending of her personal and appointive estates. It should also be mentioned that the decedent, at that time, was equally aware of a power of appointment given to her in the will and codicils of her aunt, M. Louise Wood."

This 1964 instrument, although lodged with the register, was never probated. In these circumstances, the court is restricted to examining and interpreting the will actually probated, namely, the will of 1959.

Another question arises as to whether the pecuniary legatees identified in Helen E. W. A. G. Foley's will are entitled to share in the appointive estate. There are three legacies which are to be considered:

(a) $2,000 bequest to Bryn Mawr Hospital—Isaac Sharpless Memorial Fund.

(b) $2,000 bequest to Morris Gerber.

(c) $100 bequest to Mrs. Samuel Howe.

All other legacies either have lapsed or the item involved was not in the possession of decedent at the time of her death.

The three sons of Helen E. W. A. G. Foley request the court to award the one-third share of the Wood assets presently distributable to them equally, *after* directing distribution to the three legatees mentioned above. Since there is no objection thereto, these three legacies are herewith awarded without a discussion of the interesting question raised by the briefs.

Robert J. Butera, Esq., was appointed guardian and trustee ad litem. He has filed a report in writing in which he approves the account and joins in the request for its confirmation.

For his services as guardian ad litem and trustee

ad litem, as aforesaid, there is awarded to Robert J. Butera, Esq., fee of $500 payable from principal.

Subject to distributions heretofore properly made and subject to the views expressed in this adjudication, the net ascertained balances of principal and income are awarded as set forth under the last paragraph of the petition for adjudication.

Counsel for accountant shall file a schedule of distribution in duplicate.

The account is confirmed, and it is hereby ordered and decreed that Girard Trust Bank, surviving trustee, as aforesaid, forthwith pay the distributions herein awarded.

And now, November 16, 1973, this adjudication is confirmed nisi.